**In the Matter of Stephanie Marie ZORIE, Bankrupt.**

**STATE WIDE COLLECTION CORPORATION, Plaintiff,**

v.

**Stephanie Marie ZORIE, Defendant.**

**Bankruptcy No. 79–1018–BK–CA–B.**

United States Bankruptcy Court, S. D. Florida.

Jan. 8, 1980.

Leo O. Myers, Ocala, Fla., for plaintiff/creditor.

Samuel Blum, Coconut Grove, Fla., for defendant/bankrupt.

## ORDER DENYING MOTION TO SET ASIDE ORDER OF DISMISSAL

THOMAS C. BRITTON, Bankruptcy Judge.

On December 10, 1979, this court dismissed a creditor's adversary complaint seeking a determination that its claim is non-dischargeable under the provisions of § 17a(2) of the Act, because the deadline for filing such complaints expired in this case on November 12, 1979. On December 24, 1979, this creditor filed a motion to set aside the order of dismissal. (C.P. No. 9) The motion was heard on January 7, 1980. The movant did not appear at the hearing but wrote a letter supporting its motion.

The motion comes ten days too late under the provisions of B.R. 923, which incorporates by reference Rule 59 of the F.R.Civ.P.

Furthermore, the motion is without merit and would have required denial had it been filed in time.

Movant's principal argument, as reflected by its letter (C.P. No. 10) is that its complaint was mailed to this court from Jacksonville on November 8 and, counsel argues, the complaint must be deemed filed on the day it was mailed and not the day it was received. Movant relies upon *Kooman Federal Civil Practice*, § 5.05 where the author makes the statement:

"Mailing a paper to the clerk for filing is equivalent to filing on the date the paper is mailed."

There are isolated instances in federal practice where the mailing of a document has been accepted as the equivalent of the filing of that document with the clerk. Wright & Miller, *Federal Practice and Procedure:* Civil § 1052, but as is noted in each of these texts, the actual holding was that:

"Where a pleading is mailed to the clerk and deposited in a post office box rented by the clerk the pleading is considered as filed for the purpose of determining the statutory period of limitation, when it is deposited in the post office box. The fact that it is not removed from the box by the clerk until two days, after the statute of limitations has run, is immaterial."

There is no basis to assume that this complaint was received by the clerk of this court within the statutory period. This clerk does not maintain a post office box.

The Bankruptcy Act, §§ 14b(1) and 17c(2), requires that this court fix a deadline for the filing of such complaints not earlier than thirty days after and not later than ninety days after the first meeting of creditors. In this instance, the deadline was fixed at sixty days. The Act, in the provisions just cited, requires that:

". . . unless an application is timely filed, the debt shall be discharged."

B.R. 409 and 701 require that the application be made in the form of an adversary complaint and authorized the extension of the time.

B.R. 906(b) permits time extensions "for cause" when application is made before the time has expired and for "excusable neglect" where application is made after the time has expired. This creditor has never made an application and has never given either cause or grounds for excusable neglect.

I do not believe that the scattered incidents where mailing, as distinct from mail delivery, has been deemed the equivalent of filing have any application where the question is whether a plaintiff filed his lawsuit before it became barred by statute. On the contrary, 16A *Words and Phrases*, p. 148 ff reflects a consistently contrary view by both state and federal courts. *In Kahler-Ellis Co. v. Ohio Turnpike Commission*, 6 Cir. 1955, 225 F.2d 922, the question was whether the notice of appeal was timely filed. The court held:

"Here, only the act of depositing the notice in the mails occurred within thirty days. This is not a filing; only when the clerk acquires custody has it been filed."

The court followed various cases cited including *LeJeune v. Midwestern Ins. Co.,* 5 Cir. 1952, 197 F.2d 149. More recently, *Steele v. U. S.,* D.C.Cal.1975, 390 F.Supp. 1109, 1111 held that mailing is not sufficient to accomplish a "filing" for purposes of tolling a statute of limitations.

The rest of the grounds stated in the motion before me do not merit discussion.

The motion to set aside this court's order of December 10, is denied. Denial of this motion does not, of course, preclude this creditor from filing a claim in accordance with B.R. 302(e). The time for filing claims in this case has not expired and this creditor did file a timely proof of claim. That circumstance does not, of course, have any bearing on the matter presently before me.