In re Robert Luther
STRICKLAND, Debtor.

Sara Janet Jones EUBANK and
Halcyann Jones Badham,
Plaintiffs,

v.

Robert L. STRICKLAND, Defendant.

Adv. No. 85–0023.

United States Bankruptcy Court,
M.D. Alabama, N.D.

May 31, 1985.

Robert B. Eubank, Birmingham, Ala., for plaintiffs, Sara Janet Jones Eubank and Halcyann Jones Badham.

B. Blaine Brown, III, Montgomery, Ala., for defendant, debtor.

## OPINION ON MOTION TO DISMISS

RODNEY R. STEELE, Bankruptcy Judge.

### THE CASE

Plaintiff-creditor filed a complaint to determine the dischargeability of a debt pursuant to Title 11, United States Code, Section 523. Defendant-debtor moved to dismiss on the ground that the complaint was filed late and was thus time barred.

### FINDINGS

The facts are not in dispute. Debtor filed his Chapter 7 petition November 13, 1984, in the United States Bankruptcy Court, Middle District of Alabama, at Montgomery, Alabama.

A meeting of creditors was held December 26, 1985. By the notice of 341 Meeting, February 25, 1985, was fixed as the last day for the filing of objections to the discharge of the debtor and for the filing of a complaint to determine the dischargeability of any debt. All parties in interest had timely notice of these dates.

On February 23, 1985, plaintiffs placed a complaint to determine dischargeability of any debt in the United States Mails in Birmingham, Alabama. The complaint was received and stamped filed February 26, 1985, by Deputy Clerk Yvonne Kemp in the United States Bankruptcy Court, Montgomery, Alabama.

### ISSUE

The issue raised by debtor's motion to dismiss the complaint as late filed is whether mailing constitutes filing under Bankruptcy Rule 4007(c).

The parties submitted the question to the court and supplied citations to authority and memoranda of law.

### APPLICABLE LAW

The Fifth Circuit in the often-cited Alabama case of *Lee v. Dallas County Board of Education*, 578 F.2d 1177 (5th Cir.1978) held that compliance with the filing requirement is not satisfied by mailing the necessary papers within the allotted time.

In a recent case where the facts parallel the present case, a bankruptcy court in Florida held that the creditor's adversary complaint seeking determination that its claim was nondischargeable could not be deemed filed on the day it was mailed. The day it was received was used to determine whether it was filed before the deadline.

*Matter of Zorie,* 2 B.R. 148 (Bk.Ct., S.D. Fla.1980). That court based its ruling on *Kahler-Ellis Co. v. Ohio Turnpike Commission,* 225 F.2d 922 (6th Cir.1955). See also *Steele v. U.S.,* 390 F.Supp. 1109 (D.C. Cal.1975).

The court in *Kahler-Ellis* held that only the act of depositing the notice of appeal in the mails occurred within 30 days. This act was not a filing; only when the Clerk acquired custody had it been filed. And see *LeJeune v. Midwestern Ins. Co.,* 197 F.2d 149 (5th Cir.1952).

## CONCLUSIONS

The plain language of Rule of Bankruptcy Procedure 4007(c) states that complaints to determine the dischargeability of a debt must be *filed.* Sending or mailing by the United States Postal Service is not the equivalent of filing. Such an act is merely one made of transporting the necessary papers to the Clerk's Office where the papers are to be *filed* by the Clerk.

In this case mailing, but not filing, occurred before the bar date; that filing before the bar date was necessary to preserve the right of plaintiff to have determined the dischargeability of a debt.

Defendant's motion to dismiss the complaint is well taken. An appropriate order will enter.