In re Salvatore TUZZOLINO, Debtor.

**Langine R. WASZKIEWICZ, Plaintiff,**

**v.**

**Salvatore F. TUZZOLINO, Defendant.**

**Bankruptcy No. 86–00049.**
**Adv. No. 86–0058.**

United States Bankruptcy Court,
N.D. New York.

Sept. 8, 1986.

 

---

6. Because of this finding, there is no need to reach the other issues presented.

Valvo & Versace, Rome, N.Y., for defendant-debtor; Carmen J. Valvo, of counsel.

Hancock & Estabrook, Syracuse, N.Y., for plaintiff; Mark J. Schulte, of counsel.

STEPHEN D. GERLING, Bankruptcy Judge.

### FINDINGS OF FACT, MEMORANDUM-DECISION AND ORDER OF DISMISSAL

Debtor Salvatore Tuzzolino ("Debtor") filed his petition for relief under Chapter 7 of Title 11 of the United States Code on January 15, 1986. Pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 2002, 4004(a), and 4007(c), the Bankruptcy Clerk's office, by notice dated January 17, 1986, informed creditors of the April 21, 1986 deadline for filing of dischargeability complaints pursuant to 11 U.S.C. § 523(c) ("Code"), as well as complaints objecting to debtor's discharge pursuant to Code § 727(a) and (c).

On April 22, 1986, plaintiff Langine R. Waszkiewicz ("Plaintiff") filed his complaint to determine dischargeability of a debt pursuant to Code §§ 523(a)(6), and (a)(9). Presently pending for decision is Debtor's motion to dismiss this complaint, with the Court exercising jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1471.

### FACTS

Plaintiff alleges that Debtor, while operating a motor vehicle on or about August 19, 1984, negligently and recklessly crossed the center line of a highway and collided with Plaintiff's motor vehicle. Plaintiff allegedly sustained property damage in amount of $10,715.69 as a result of the collision.

While Plaintiff was not ticketed, Debtor apparently was ticketed and charged with a violation of New York Vehicle and Traffic Law § 1192(3) (McKinney Supp.1986) (driving while intoxicated). Debtor was subsequently convicted of violating § 1192(1) of the Vehicle and Traffic Law (driving while ability impaired). On September 7, 1985, Plaintiff commenced a civil action against Debtor in the New York Supreme Court for the County of Oneida to recover his property damages. By virtue of Code § 362(a)(1), this action is presently stayed.

The Court's file indicates the Clerk of the Bankruptcy Court issued the Summons and Notice of Pre-trial Conference for the present adversary proceeding (Docket entry A–3) on April 24, 1986. The Affidavit of Service by Mail, filed by Plaintiff (Docket entry A–4) on April 29, 1986, recites that service of the Summons and Dischargeability Complaint were served by mail on Debtor's counsel, and not on Debtor personally. While the Bankruptcy Clerk's office did not issue a subsequent Summons, on June 4, 1986, in response to Debtor's present motion, Plaintiff filed a second Affidavit of Service, reciting service upon Debtor by mail on the same day.

### DISCUSSION

#### SUBJECT MATTER JURISDICTION.

Code § 523(c) requires creditors to take affirmative steps should they seek to except certain debts from discharge. Where debts which are of a type defined in subsections (2), (4), and (6) of Code § 523(a) are concerned, "[i]f the creditor does not act, the debt is discharged." H.R.Rep. No. 595, 95th Cong. 2d Sess. 342, 365 *reprinted in* 1978 U.S. Code Cong. of & Ad. News 5787, 5963, 6321; *See also, In re Robinson,* 776 F.2d 30, 39 (2d Cir.1985). While FRBP 4007(b) does not contain a time limit for the filing of an adversary complaint to determine the dischargeability of a debt specified in Code § 523(a)(9), FRBP 4007(c) imposes a deadline for filing complaints to determine the dischargeability of a debt set out in Code § 523(a)(6). The Court has discretion to extend the 60–day filing period of FRBP 4007(c) only if a motion seeking such relief is brought before the end of the original period. FRBP 4007(c), 9006(b)(3); *In re Barr,* 47 B.R. 334, 336 (Bankr.E.D.N.Y.1985); *In re Figueroa,* 33 B.R. 298, 300 (Bankr.S.D.N.Y.1983); *In re Waldman,* 33 B.R. 328, 331 (Bankr.S.D.N.Y.1983), and clearly the mere mailing of

the complaint to the Bankruptcy Clerk's office within the filing period is insufficient. *In re Strickland,* 50 B.R. 16, 17 (Bankr.M.D.Ala.1985). While a judicially created exception to FRBP 4007(c) might be warranted where the creditor has not received actual notice of the filing deadline, *In re Barr, supra* at 336, such is not the case herein, and thus, Plaintiff's cause of action based upon Code § 523(a)(6) is dismissed with prejudice.

## SERVICE OF PROCESS

■ FRBP 7004(b) provides for service of a summons and complaint in an adversary proceeding within the United States by first class mail postage prepaid. When mail service is to be made upon an individual, as in the present case, a copy of the summons and complaint are to be mailed to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts his business or profession. FRBP 7004(b)(1). Where service is by mail, FRBP 7004(f) states that the summons and complaint must be deposited in the mail within 10 days following the issuance of the summons. "If a summons is not timely delivered or mailed, another summons shall be issued and served." FRBP 7004(f).

It is apparent from the Court file and the documents submitted by Plaintiff that the provisions for service of the summons and complaint by mail have not been complied with. The Plaintiff improperly served Debtor's counsel by mail within 10 days of the issuance of the summons, and thereafter served the same summons upon the Debtor. Hence, there is no personal jurisdiction over the Debtor in this matter, and the same is dismissed without prejudice to Plaintiff's filing of a new adversary complaint grounded upon Code § 523(a)(9), and serving same as provided for under the Rules of Bankruptcy Procedure.

IT IS SO ORDERED.