**In re Eugene A. GATES, Debtor.**

**Bankruptcy No. 87–00857–BKC–6P7.**

United States Bankruptcy Court, M.D. Florida.

Oct. 13, 1987.

Walter W. Snell, Daytona Beach, Fla., for debtor.

Lynnea J. Concannon, Orlando, Fla., for Karathanasopoulos.

Jules S. Cohen, Orlando, Fla., Trustee.

FINDINGS AND ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE DISCHARGEABILITY

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came on before the court on the Motion for Extension of Time to File Complaint Objecting to Discharge and to Determine Dischargeability, filed by Anastasios Karathanasopoulos, the courts finds as follows:

1. The Order for Meeting of Creditors in the above case dated April 5, 1987 set and fixed July 20, 1987 as the deadline for filing complaints pursuant to Sections 523(c) and 727, Bankruptcy Code.

2. On July 23, 1987 the above said Motion for Extension of Time was filed in the case pursuant to Rules 4004(b) and 4007(c), Bankruptcy Rules.

3. Debtor opposed the above described Motion for Extension of Time on the grounds that the motion was not filed on or before the bar date of July 20, 1987 and that said motion failed to show "cause" for granting the motion as required by Rules 4004 and 4007.

4. Movant maintained that Rule 9006(f) Bankruptcy Rules, allowed him an additional three days within which to file his said motion because the bar date was fixed in

the Order for Meeting of Creditors which was mailed to him. The debtor argued that Subsection (f) of Rule 9006 did not apply in this matter because the bar date was fixed by Rules 4004 and 4007, and the mailing of the Order for Meeting of Creditors which contained the bar date was merely administrative and that the movant was bound by the time periods prescribed in Rules 4004 and 4007, notwithstanding notice of the bar date was mailed in the Order for Meeting of Creditors.

5. The court finds that Subsection (f) of Rule 9006 is applicable in this matter and thus allows the movant an additional three days beyond the bar date for filing of a Motion for Extension of Time and, for such reasons, the said Motion for Extension of Time was timely filed.

6. The court finds, however, that the grounds stated in said Motion for Extension of Time and the movant's attorney's explanation and facts furnished in support of said motion failed to show the "cause" necessary under Rules 4004 and 4007 for the granting of said motion.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that the Motion for Extension of Time to File Complaint Objecting to Discharge and to Determine Dischargeability, filed by Anastasios Karathanasopoulos, is hereby denied.