James **SCOTT** and Floretts T. Scott, as individuals and in the interest of Zimblis Scott

v.

The **UNITED STATES VETERAN'S ADMINISTRATION** and the United States of America.

Civ. A. No. 90–0763.

United States District Court, W.D. Louisiana, Alexandria Division.

Aug. 20, 1990.

Janet L. Dunn, Baton Rouge, La., for plaintiffs.

John R. Hallburton, Asst. U.S. Atty., Shreveport, La., for defendants.

## RULING

LITTLE, District Judge.

This case arises out of the death of Zimblis Scott, a veteran with a long history of mental illness. On 1 April 1987 Scott was released from the Veterans Administration Medical Center in Alexandria, Louisiana; two days later, he was found lying dead by the Interstate highway in Jefferson Davis Parish. Plaintiffs, Scott's parents, initially pursued an administrative tort claim against the Veterans Administration. After considering their allegations, the District Counsel for the Department of Veteran Affairs wrote a letter to plaintiffs' attorney on 2 October 1989 advising her of his denial of liability.

On 2 April 1990 plaintiffs' attorney mailed a complaint to the Federal District Court for the Western District of Louisiana. Plaintiffs named both the United States and the Veterans Administration as defendants, alleging that Scott's death was due to the negligence of the Medical Center in releasing him. Plaintiffs sought damages under the 1871 Civil Rights Act (42 U.S.C. § 1983), the Federal Tort Claims Act (28 U.S.C. § 2671 et seq.), and the eighth and fourteenth amendments to the United States Constitution. The complaint was received on 3 April 1990. Defendants have now moved for a dismissal of all claims pursuant to Rule 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure.

Initially, plaintiffs' complaint alleges that the government's actions violated 42 U.S.C. § 1983. Section 1983 applies to "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives anyone of a civil right. Defendants correctly note, however, that section 1983 does not provide a forum to redress actions taken by the United States government or its agencies under federal law. These entities are not "persons" that can be sued under the statute, and actions of the federal government are "facially exempt" from section 1983. *District of Columbia v. Carter*, 409 U.S. 418, 425, 93 S.Ct. 602, 606, 34 L.Ed.2d 613 (1973); *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir.1983); *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir.1970); *Garcia v. United States*, 538 F.Supp. 814, 816 (S.D.Tex.1982); *Broome v. Simon*, 255 F.Supp. 434, 440 (W.D.La.1965). Accord-

ingly, defendants' unopposed motion to dismiss the section 1983 claim is GRANTED.

■ Plaintiffs' eighth amendment allegation is also meritless. The United States Supreme Court has held that the eighth amendment "was designed to protect those convicted of crimes," and the amendment does not apply outside of this context. *Ingraham v. Wright,* 430 U.S. 651, 654, 97 S.Ct. 1401, 1404, 51 L.Ed.2d 711 (1977); *Lynch v. Cannatella,* 810 F.2d 1363, 1375 (5th Cir.1987). Defendants' unopposed motion to dismiss plaintiffs' eighth amendment claim is therefore GRANTED.

■ The fourteenth amendment claim must suffer a similar fate. On its face, this provision applies to the states, and "actions of the federal government and its officers are beyond the purview of the [fourteenth] amendment." *Carter,* 409 U.S. at 424, 93 S.Ct. at 606. Defendants' unopposed motion to dismiss plaintiffs' fourteenth amendment claim is GRANTED.

■ Finally, defendants have also asked this court to dismiss the remaining allegations, which arise under the Federal Tort Claims Act. This statute states, in pertinent part:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The time for computing the six-month limitation period begins running the day after notice of the denial of a claim is sent. *Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir.1987). The Fifth Circuit follows the majority rule that the period runs through the day before the same calendar date six months later. *Id.; McDuffee v. United States,* 769 F.2d 492, 494 (8th Cir.1985); *Kollios v. United States,* 512 F.2d 1316, 1316–17 (1st Cir. 1975). *Contra, Bledsoe v. Department of Housing and Urban Development,* 398 F.Supp. 315, 318–21 (E.D.Pa.1975) (holding limitation period runs from day after the denial is sent to the same day six months later); *Rodriguez v. United States,* 382 F.Supp. 1, 2 (D.P.R.1974) (same).

In the case at bar, plaintiffs' administrative denial was mailed on 2 October 1989. Thus, the prescriptive period began on 3 October 1989 and ended on 2 April 1990, the day before the same calendar date six months later. Plaintiffs' attorney mailed the complaint to this court on 2 April 1990; it was received on 3 April 1990 and was subsequently filed on 1 May 1990. Both parties are correct in not focusing on 1 May. Jurisprudence has been somewhat liberal in determining what constitutes filing under Rule 5(e) of the Federal Rules of Civil Procedure, and actions are deemed to be filed when they are received by the clerk. *See Hernandez v. Aldridge,* 902 F.2d 386, 388 (5th Cir.1990) (complaint filed when clerk actually receives the document).

Plaintiffs urge the court to accept 2 April, the date of mailing, as the filing date. Unfortunately, courts have consistently noted that filing court papers does not occur when they are mailed. Filing occurs only when documents are "actually received by the clerk or when placed in the clerk's post office box." *Torras Herreria y Construcciones, S.A. v. M/V TIMUR STAR,* 803 F.2d 215, 216 (6th Cir.1986). Thus, "compliance with a *filing* requirement is not satisfied by *mailing* the necessary papers within the allotted time." *Lee v. Dallas County Board of Education,* 578 F.2d 1177, 1178 n. 1 (5th Cir.1978) (emphasis in original); *Torras Herreria,* 803 F.2d at 216; *United States v. White 1981 Race Corvette,* 704 F.Supp. 872, 878 (N.D.Ind. 1989); *Wiss v. Weinberger,* 415 F.Supp. 293, 294 (E.D.Pa.1976). Mailing court papers is "merely one mode of transporting the necessary papers to the clerk's office where the papers are to be *filed* by the Clerk." *In re Strickland,* 50 B.R. 16, 16–17 (Bankr.M.D.Ala.1985) (emphasis in original).

Because plaintiffs' complaint was not received until one day after the limitations

period had ended, it is untimely. Accordingly, the motion to dismiss the claims under the Federal Tort Claims Act is GRANTED. An appropriate judgment shall issue.