929 F.2d 146
 James SCOTT and Floretta Thomas Scott, As Individuals and in
the Interest of Zimblis Scott, Plaintiffs-Appellants,
v.
The UNITED STATES VETERAN'S ADMINISTRATION and United States
of America, Defendant-Appellee.
 No. 90-4699
 Summary Calendar.
United States Court of Appeals,
 Fifth Circuit.
March 14, 1991.
 
 Janet L. Dunn, Dunn & Dunn, Baton Rouge, La., for plaintiffs-appellants.
 John R. Halliburton, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for defendant-appellee.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Zimblis Scott, a twenty-seven-year-old veteran with a lengthy history of mental problems, was discharged from the Alexandria, Louisiana Veterans Administration Medical Center on April 1, 1987. Two days later he was found dead by a roadway in Jennings, Louisiana. His parents, James and Floretta T. Scott, filed individual administrative claims for wrongful death and personal injuries against the Veterans Administration. The Department of Veterans Affairs denied liability in a letter dated September 29 and postmarked October 2, 1989. The Scotts and their attorney were also advised that further pursuit of their claim under the Federal Tort Claims Act must be initiated within six months of the mailing of the denial notice.
 
 
 2
 The Scotts' complaint was received by the federal district court on April 3, 1990. The United States filed a motion to dismiss, supported by a memorandum and affidavits, for failure to file the complaint timely. The plaintiffs objected, arguing that the complaint was mailed on April 2, 1990, and thus should be deemed timely. The district court grant the government's motion for summary judgment, 749 F.Supp. 133. The Scotts timely appeal this judgment.
 
 
 3
 Appellants James Scott and Floretta T. Scott argue that their complaint was filed according to the dictates of the Federal Tort Claims Act. The statutory time limitation period allowed for filing a complaint under the F.T.C.A. is "within six months after the date of mailing, by certified or registered mail, of notice of final denial." 28 U.S.C. Sec. 2401(b). The relevant date for purposes of a statutory time limitation is the date a complaint is received by the Clerk. Hernandez v. Aldridge, 902 F.2d 386, 388 (5th Cir.1990). The six month limitation period begins the day after the denial notice is sent and ends the day before the same calendar date six months later. Vernell v. United States Postal Service, 819 F.2d 108, 111 (5th Cir.1987).
 
 
 4
 The Scotts' arguments are contrary to this court's established and settled precedent. First, they contend that the six month statutory period includes the same calendar date six months later as the day after the final notice was mailed. Secondly, they contend that the mailing date of their complaint, not receipt by the Clerk, is the controlling date.
 
 
 5
 In the case at bar, the administrative denial was sent by certified mail on October 2, 1989. The prescriptive period began on October 3, 1989 and ended on April 2, 1990. Thus, under this court's authority, by which we are bound, Girard v. Drexel Burnham Lambert, Inc., 805 F.2d 607, 610 (5th Cir.1986), the Scotts' claim had already prescribed when it was received by the district court clerk on April 3, 1990.
 
 
 6
 The district court thus correctly determined that the Scotts' claim prescribed on April 2, 1990. Summary judgment was appropriate and is therefore
 
 
 7
 AFFIRMED.