In re Robert Wayne CURTIS and Beverly Ann Curtis, d/b/a Southwest Spas and Solariums, d/b/a Curtis Insurance, Debtors.

**NORWEST FINANCIAL, TEXAS, INC., Plaintiff,**

v.

Robert Wayne CURTIS and Beverly Ann Curtis, d/b/a Southwest Spas and Solariums, d/b/a Curtis Insurance, Defendants.

Bankruptcy No. 292–20570–7.
Adv. No. 292–2035.

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Dec. 21, 1992.

**466**

Dennis R. Reeves, Lubbock, TX, for Norwest.

Richard L. Hanna, Amarillo, TX, for debtors.

## MEMORANDUM OF OPINION ON FILING OF A DISCHARGE-ABILITY COMPLAINT

JOHN C. AKARD, Bankruptcy Judge.

Robert Wayne Curtis and Beverly Ann Curtis (Debtors) filed a Motion to Dismiss the captioned adversary proceeding because it was not timely filed. Finding that the adversary proceeding was not timely filed, it will be dismissed.

### FACTS

The facts are not in dispute. On July 7, 1992, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code. On July 9, 1992, the clerk of this court issued a Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors and Fixing Dates (Notice) which was sent to all creditors and parties in interest including Norwest Financial, Texas, Inc. (Norwest). The Notice scheduled the meeting of creditors for July 27, 1992 and provided a Friday, September 25, 1992 deadline for filing complaints objecting to the dischargeability of a debt under § 523(a)(2), (4) or (6).

On September 23, 1992, Norwest's attorney, who resides in Lubbock, Texas, mailed a complaint under § 523(a)(2)(A) objecting to the discharge of the Debtors' obligation to Norwest, together with the appropriate filing fee to the Bankruptcy Clerk's office in Amarillo, Texas. The complaint did not reach the Amarillo office until Monday,

September 28, where it was file-marked at 2:53 p.m.[1]

On October 26, 1992, the Debtors filed a Motion to Dismiss the Complaint because of the late filing and an Answer, subject to the Motion to Dismiss, in which they denied the complaint. On November 9, 1992, Norwest filed a Response to the Motion to Dismiss and a Motion to Extend the Time for Filing a Complaint to Determine the Dischargeability (Motion to Extend Time).

### STATUTES AND RULES

■ A creditor must request that the court, after notice and a hearing, determine a debt to be excepted from the discharge under § 523(a)(2), (4) or (6). *See*, § 523(c). Such a request must be in the form of a complaint commencing an adversary proceeding. FED.R.BANKR.P. 7001(6) and 7003.

The time for filing such complaints is governed by FED.R.BANKR.P. 4007(c) which reads as follows:

(c) *Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation, Chapter 11 Reorganization, and Chapter 12 Family Farmer's Debt Adjustment Cases; Notice of Time Fixed.* A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Norwest's Motion for Extension of Time recited that it was filed pursuant to FED. R.CIV.P. 6, but that Rule has not been made applicable to bankruptcy proceedings. The corresponding Rule is FED.R.BANKR.P. 9006, the pertinent portions of which read as follows:

---

1. The court takes judicial notice that the Amarillo Bankruptcy Clerk's office generally does not

receive a mail delivery until after 1:00 p.m. each business day.

(b) *Enlargement.*

. . . .

(3) *Enlargement Limited.* The court may enlarge the time for taking action under Rules … 4007(c) … only to the extent and under the conditions stated in those rules.

. . . .

(f) *Additional Time After Service by Mail.* When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

## DISCUSSION

██ Norwest's reliance on FED. R.BANKR.P. 9006(f) is misplaced. That rule requires that an act be done within a prescribed period after "service of a notice or other paper." The time for filing a complaint objecting to the dischargeability of a debt is not based on the date of the issuance of a notice; rather, it is calculated from the date of the first meeting of creditors held pursuant to § 341(a). *See,* FED. R.BANKR.P. 4007(c). The fact that the clerk did not give notice of the filing deadline does not prevent that deadline from barring an action by a creditor who had notice of the bankruptcy. *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987). In *Neeley,* the notice issued by the clerk specified the § 341 meeting date, but failed to specify the bar date for filing dischargeability complaints. The court held that the creditor was on notice of the bar date pursuant to FED.R.BANKR.P. 4007 and dismissed a complaint filed ten days late. *See also, Byrd v. Alton (In re Alton),* 837 F.2d 457 (11th Cir.1988) (holding that a creditor who did not get a notice from the clerk, but who received actual notice of the bankruptcy in time to file a complaint, was barred from making a late-filed complaint). The complaint must be filed with the clerk by the bar date; mailing it to the clerk is not

tantamount to filing. *Eubank v. Strickland (In re Strickland),* 50 B.R. 16 (Bankr. M.D.Ala.1985).

In support of its position, Norwest cited *In re Gates,* 87 B.R. 177 (Bankr.M.D.Fla. 1987) in which, three days after the deadline, a creditor filed a motion for an extension of time to file a complaint objecting to the dischargeability of a debt. The court, citing FED.R.BANKR.P. 9006(f) but no other authority, found that the motion was timely, but denied it because it did not show the "cause" required by FED.R.BANKR.P. 4007(c) for granting the extension. In view of the authorities cited above, this court does not find *Gates* persuasive.

The timely filing of a complaint is jurisdictional. *Anderson v. Booth (In re Booth),* 103 B.R. 800, 801–802 (Bankr. S.D.Miss.1989). Norwest's complaint was tardy and must be denied.

██ With respect to Norwest's Motion to Extend Time, the court is prohibited by FED.R.BANKR.P. 4007(c) from enlarging the time. The Bankruptcy Court can extend the time only if the creditor files a motion before the 60–day period expires and then only "for cause." *Neeley,* 815 F.2d at 346.

## CONCLUSION

Norwest's Complaint must be dismissed as not timely filed and Norwest's Motion to Extend Time must be denied.

**ORDER ACCORDINGLY.**[2]

---

**2.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to

Bankruptcy Rule 7052. This Memorandum will be published.