In re Byron K. JEFFREY, Debtor.

In re Audrey C. WILLIAMS, Debtor.

Bankruptcy Nos. 94–1–0399–DK, 94–1–0381–DK.

United States Bankruptcy Court, D. Maryland, at Rockville.

June 2, 1994.

David T. Dawson, Clinton, MD, for Byron K. Jeffrey, debtor.

Christine T. Altemus, Church & Houff, P.A., Baltimore, MD, for Tandy Credit, creditor.

Steven H. Greenfeld, Washington, DC, Chapter 7 Trustee, in No. 94–1–0399–DK.

Jerry S. Dunietz, Rockville, MD, for Audrey C. Williams, debtor.

Roger Schlossberg, Hagerstown, MD, Chapter 7 Trustee, in No. 94–1–0381–DK.

## OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

In each of these cases, Creditor Tandy Credit filed a Motion To Extend Time For Filing Complaint Objecting To Discharge.

Although the title refers to an objection to discharge, the relief requested in each motion is for an extension of a deadline within which to file a complaint objecting to the dischargeability of a claim. The prayer for relief in each motion requests that the Court extend the time for filing a complaint under Section 523(a)(6) of the Bankruptcy Code.

The meeting required by 11 U.S.C. § 341 was initially scheduled in each of these cases for March 1, 1994. In each case a Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code, a Meeting of Creditors, and fixing of dates, was mailed by the Clerk's Office and set forth therein a deadline of April 30, 1994 to file a complaint objecting to the dischargeability of certain types of debts. This deadline is further acknowledged by the Movant in the averments contained in each of the Motions to Extend Time.

Each of the Motions to Extend Time was filed in the Office of the Clerk of the United States Bankruptcy Court for the District of Maryland (Rockville Division) on May 3, 1994. Each motion was received that day by the Clerk's Office in the regularly delivered mail. Each motion contains a certificate of service showing that on April 29, 1994, copies of the motion and proposed Order were mailed to the attorney for the Debtor. Because each motion was filed after the expiration of the original deadline within which a party was required to file a complaint to object to the dischargeability of debt under 11 U.S.C. § 523(a)(6), the motions must be denied.

Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of any debt pursuant to 11 U.S.C. § 523(c) shall be filed not later than 60 days following the first date set for the Meeting of Creditors required by § 341(a) of the Bankruptcy Code. § 523(c) requires a creditor to request a determination of nondischargeability as to a debt averred to be nondischargeable under § 523(a)(2), (4) or (6). Pursuant to Rule 7001, such request must be in the form of a complaint instituting an adversary proceeding. Accordingly, unless extended by the Court, the Movant was required to file

any complaint to determine dischargeability of debt on or before April 30, 1994.

Rule 4007(c) states in part as follows:

"On Motion of any party in interest, after hearing on notice, the Court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.*" (emphasis added).

Furthermore, Rule 9006(b)(3) provides that the Court may enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in [the] rule, [ ]." Under the facts of the instant cases, Movant's motions to extend had to be made on or before April 30, 1994, in order to be timely. April 30, 1994, was a Saturday, a day in which the Court Clerk's Office was closed and so at most, the motion had to be made no later than Monday, May 2, 1994. Rule 9006(a). The issue therefore is whether a motion which was mailed on April 29, 1994, before the deadline, but not received by the Clerk's Office until May 3, 1994, was made in a timely fashion. Although Rule 4007(c) states that the motion shall be "made" before the expiration of the time allowed, it is clear that a motion is made when it is *filed*. Thus, the Court can only extend the time to object to dischargeability, if the Creditor *files* a motion for extension before the 60 day period expires. *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987); *In re Curtis*, 148 B.R. 465 (Bankr.N.D.Tex.1992).

■ In order to constitute a filing of a motion, the motion must actually be received by the Clerk's Office. The mere mailing of a pleading to the Bankruptcy Clerk's Office within a required filing period is insufficient to constitute a filing within that time period. *Waszkiewicz v. Tuzzolino*, 71 B.R. 231, 232 (Bankr.N.D.N.Y.1986); *Eubank v. Strickland*, 50 B.R. 16, 17 (Bankr.M.D.Ala.1985). "Sending or mailing by the United States Postal Service is not the equivalent of filing. Such an act is merely one made of transporting the necessary papers to the Clerk's Office where the papers are to be filed by the Clerk." *Id.* "Unfortunately, Courts have consistently noted that filing court papers does not occur when they are mailed. Filing occurs only when documents are 'actually received by the Clerk or when placed in the clerk's post office box.'" *Scott v. The United States Veteran's Administration*, 749 F.Supp. 133, 135 (W.D.La.1990) quoting *Torras Herreria Y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986).[1]

■ Once the period for filing of a complaint to determine dischargeability has expired without the filing of a motion to extend, the Court is powerless to extend the deadline based upon a tardy motion. Whereas the predecessor to the present rules permitted a late filed request for an extension of time to be granted for "excusable neglect" (see former Rule 906(b)), the expressed limitation upon the Court's power to enlarge, set forth in Rule 9006(b)(3) for the deadline imposed by Rule 4007(c), no longer permits the Court to extend the deadline for "excusable neglect" where the request is made outside the required filing period stated in Rule 4007(c). *Neeley*, supra at 346; *See also Bank of India v. Sapru*, 123 B.R. 948 (Bankr.E.D.N.Y. 1990).

For these reasons, the motions for extension of the time for filing of the complaint objecting to dischargeability must be denied.

---

1. Other deadlines may require a pleading to be served before expiration of a time period. For example, a motion to alter or amend judgment shall be served no later than 10 days after entry of judgment. Bankruptcy Rule 9023 and FRCP 59(e). Service (as opposed to filing) is accomplished by mailing of the motion. *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 585 (9th Cir.1993).