**In re Lisa LEE, Debtor.**

**Bankruptcy No.· 99–13913–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

Sept. 22, 1999.

Mark E. Buechele, Miami Beach, FL, Counsel for Creditor Construction Equipment Services, Inc.

Emmanuel Perez, Coral Gables, FL, Counsel for the Debtor.

Craig P. Rieders, Genovese, Lichtman, Joblove & Battista, P.A., Miami, FL, Counsel for the Trustee.

## ORDER DENYING CREDITOR CONSTRUCTION EQUIPMENT SERVICES' MOTION TO EXTEND TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE

ROBERT A. MARK, Bankruptcy Judge.

The matter before the Court is the Motion to Extend Time to File a Complaint Objecting to Discharge of Debts ("Motion for Extension") filed by creditor Construction Equipment Services, Inc. ("Construction Equipment"). Under Rule 4004(b), Fed.R.Bankr.P., motions to extend time to file a complaint objecting to a debtor's discharge "shall be made" before the deadline expires. The Motion for Extension presents two issues: first, whether a late filed motion can be considered if the Court finds excusable neglect, and second, whether a motion to extend time can be deemed timely if it is *served* before the deadline but *filed* after the deadline. For the reasons that follow, the answer to both questions is no. Motions for extension of time to file complaints objecting to discharge under § 727 of the Bankruptcy Code (the "Code") must be *filed* before the deadline expires, and excusable neglect does not apply. Therefore, Construction Equipment's Motion for Extension will be denied.

### Factual and Procedural Background

On April 27, 1999, the debtor, Lisa Lee ("Debtor"), filed a voluntary petition for relief under Chapter 7 of the Code. On May 5, 1999, the Court issued its Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines ("Notice Setting Deadlines"). The Notice Setting Deadlines scheduled a meeting of creditors pursuant to § 341(a) of the Code (" § 341 Meeting") for May 28, 1999. The Notice Setting Deadlines also provided a July 27, 1999 deadline for filing complaints objecting to the debtor's discharge under § 727

of the Code. This deadline is 60 days after the date set for the § 341 Meeting, as required by Rule 4004(a), Fed.R.Bankr.P.

Construction Equipment served its Motion for Extension on July 27, 1999. However, the motion was not filed with the Clerk of the Court until July 28, 1999, one day after the deadline. The Court conducted a hearing on the Motion for Extension on August 24, 1999.

Construction Equipment moved for an extension of time under Rule 4004(b), which governs complaints objecting to discharge under § 727. However, at the August 24th hearing, Construction Equipment admitted that it intended to move for an extension of time under Rule 4007(c), since it was actually seeking an extension to file a complaint objecting to the dischargeability of its debt under § 523. As discussed below, regardless of whether Construction Equipment intended to move under Rule 4004(b) or Rule 4007(c), the result is the same. Both rules possess the same standard for determining whether motions for extension are timely.

### Discussion

Rule 4004(b), Fed.R.Bankr.P., provides that " ... the court may extend for cause the time for filing a complaint objecting to discharge. The motion *shall be made* before such time has expired." (emphasis added). Construction Equipment argued that its tardy Motion for Extension could still be granted, based upon a finding of excusable neglect. Alternatively, it argued that *serving* the Motion for Extension before the deadline expired should be deemed sufficient to meet the rule's requirement that the motion "be made" before the deadline expired. Rule 4004(b), Fed.R.Bankr.P. As discussed below, both arguments fail.

■ First, addressing the movant's excusable neglect argument, it is true that, generally, enlargement of time motions may be made under Rule 9006, Fed. R.Bankr.P., even after a deadline has passed, upon a showing of excusable ne-

glect. However, Rule 9006(b)(3) prohibits courts from considering excusable neglect with regard to motions for extension of time filed under Rule 4007(c) and Rule 4004. Rather, enlargement of time is allowed under Rules 4007 and 4004 "only to the extent and under the conditions stated in those rules." Fed.R.Bankr.P. 9006(3).

> Bankruptcy Rule 9006(b)(3) thus makes clear that Bankruptcy Rules 4004 and 4007 are independent, self-standing provisions, not only fixing deadlines for taking steps to raise discharge or dischargeability issues, but also governing enlargement of such deadlines, without regard to the general enlargement provision and excusable neglect concept contained in Bankruptcy Rule 9006(b)(1).

*In re Klein*, 64 B.R. 372, 374 (Bankr. E.D.N.Y.1986). Thus Construction Equipment's excusable neglect, even if established, would not provide a basis for granting an untimely motion to extend time under Rule 4004 or 4007. *See In re Depencier*, 234 B.R. 180 (Bankr.M.D.Fla. 1999).

■ The second issue is whether timely *service* of the Motion for Extension may be sufficient even if the Motion for Extension was *filed* late. The Court's independent research revealed clear authority in the Eleventh Circuit. "Making" a motion under Rule 4004(b) means "filing" the motion; serving the motion on the deadline is insufficient. *Coggin v. Coggin*, 30 F.3d 1443 (11th Cir.1994). Though the facts of *Coggin* were not identical to this case, the analysis in *Coggin* is nonetheless controlling. In *Coggin*, the trustee filed a motion to extend time to object to discharge under Rule 4004(b). 30 F.3d at 1445. The trustee filed its motion to extend time well within the deadline for objecting; however, the trustee did not serve the debtor. The Court granted the trustee's motion without notice or hearing to the debtor. The debtor argued, both in his motion to dismiss and on appeal, that the trustees's motion was untimely under Rule 4004(b) because

a motion is not "made" under the rule until the motion is "served." "Filing" the motion, the debtor argued, does not constitute "making" the motion. *Id.*

The Eleventh Circuit disagreed with the debtor and held that " . . . a motion under section 4004(b) is 'made' when it is filed, rather than when it is served." *Coggin*, 30 F.3d at 1449. The Court considered the fresh start policies behind Rules 4004(b) and 4004(c), noting that upon expiration of the time to object, bankruptcy courts are required to grant a discharge "forthwith." *Id.* (citing Rule 4004(c), Fed.R.Bankr.P.). The Court interpreted "forthwith" to mean "immediately" and at "the first opportunity offered." The Court reasoned that if bankruptcy courts are obligated to grant a discharge "at the first opportunity offered," and if "made" under Rule 4004(b) meant "served" and not "filed," then bankruptcy courts are put in the unreasonable position of granting discharges without knowing if an extension of time has been served and not filed. The Court concluded that for a bankruptcy court to know whether any motions for extension have been "made," a motion could only be "made" when it is filed. *Id.*

If Construction Equipment had moved for an extension of time under Rule 4007(c) instead of Rule 4004(b), as it intended to do, the result would be the same. *See In re K. Jeffrey*, 169 B.R. 25 (Bankr. Md.1994). The facts of *Jeffrey* are identical to this case. In *Jeffrey*, a creditor served its Rule 4007(c) motion to extend time to object to the dischargeability of a debt before the deadline, but the motion was not filed until after the deadline. The court held that "it is clear that a motion is made when it is filed." *Id.* at 27.

Applying *Coggin* and *Jeffrey* to this case, Construction Equipment's motion was not "made" in a timely manner. The motion was served on the July 27th deadline but filed after the deadline. The filing date determined when the motion was "made." Whether Construction Equip-

ment intended to move under Rule 4004(b) or Rule 4007(c), its motion was untimely.

### Conclusion

Bankruptcy Rules 4004 and 4007 provide specific deadlines for filing complaints objecting to a debtor's discharge or complaints objecting to the dischargeability of certain debts. Where, as here, a motion to extend the deadline is filed late, neither excusable neglect nor service of the motion before the deadline can save the late filed motion. For the foregoing reasons, it is-

**ORDERED** that Construction Equipment's Motion to Extend Time to File a Complaint Objecting to Discharge of Debts is denied.