**In re Mike Lee MORGAN and Lisa Kay Morgan, Debtors.**

**CREDITHRIFT OF AMERICA, INC., Plaintiff,**

v.

**Mike Lee MORGAN and Lisa Kay Morgan, Defendants.**

**Bankruptcy No. 1–88–02305. Adv. No. 1–88–0186.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 28, 1988.

**526**

Don E. Fuller, Chillicothe, Ohio, for defendants.

Harold Jarnicki, Lebanon, Ohio, Interim Trustee.

William L. Bowen, Middletown, Ohio, for plaintiff.

### DECISION and ORDER ON MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, plaintiff is a creditor of defendants. Defendants are debtors in a related Chapter 7 bankruptcy case. The complaint states a claim for denial of discharge under 11 U.S.C. § 727. The complaint was stamped in by the clerk's office on September 26, 1988.

Defendants have moved for dismissal of the complaint on grounds that it was not timely filed. The basis for the motion is that in the Order for Meeting of Creditors, September 19, 1988 was fixed as the last date for filing a complaint objecting to discharge. Indeed, a discharge was issued to defendants on September 20, 1988, dated September 23, 1988, prior to the time that the subject complaint was filed.

■ Plaintiff has filed a memorandum in opposition to the motion. In the memorandumn, counsel for plaintiff says that he mailed the complaint to the court on September 16, 1988 and properly served it at the same time. He is unable to explain why the complaint "was not filed by the Court prior to September 26 ..." He says that he contacted the clerk of the bankruptcy court who informed him that complaints are not stamped "Received", but are processed upon receipt. He says that he has been unable to ascertain whether the delay in the date of the file stamp in the clerk's office was caused by the mail or in the clerk's office. The gist of the memorandum of plaintiff is to request that the court exercise its discretion to accept the filing as timely, despite the fact that it was filed after the date contained in the § 341 meeting notice.

■ The subject matter involved in this controversy is covered by B.R. 7003 and 7005(e) which, respectively, incorporate into bankruptcy practice Rule 3 and Rule 5(e) of the F.R.Civ.P. Rule 3 says that "A civil action is commenced by filing a complaint with the court." Then, Rule 5(e) says: "The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court ..." These pertinent rules makes no provision for commencement of a case by mail. We know of no authority, and counsel has presented none, which alters the clear language of these rules in the case where a party elects to present his complaint to the court or to the clerk by mail rather than in person. There is a need for certainty as to the date of the commencement of a case or proceeding, for serious consequences turn upon that date. For instance, the clerk of this court withholds discharges until the date for the filing of dischargeability complaints, or complaints contesting discharge, has passed. Unless this court adheres strictly to the date in the order setting the § 341 meeting, the clerk's office, which must deal with an enormous number of cases, would be unable to function. We are forced to conclude that a party that seeks to commence an adversary proceeding in this court by mail does so at its own risk as to the date of commencement of the proceeding. That is, the rules above quoted must be interpreted to mean that a proceeding is not commenced until the complaint is in the hands of the court or the clerk. *Wiss v. Weinberger*, 415 F.Supp. 293 (E.D.Pa.1976).

The motion to dismiss is granted.

So Ordered.