**In re E. Louise GLOVER, Debtor.**

**FIRST DEPOSIT NATIONAL BANK, Plaintiff,**

**v.**

**E. Louise GLOVER, Defendant.**

**Bankruptcy No. 97–30555.**
**Adversary No. 97–3115.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Sept. 2, 1997.

Christopher Hawk, Dayton, OH, for Defendant/Debtor.

Richard D. Nelson, Cincinnati, OH, Robert S. Cooper, Rochester, NY, for Plaintiff.

John Paul Rieser, Dayton, OH, Trustee.

## DECISION AND ORDER GRANTING DEBTOR'S MOTION TO DISMISS

WILLIAM A. CLARK, Chief Judge.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference entered in this district on July 30, 1984. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (1994). The following Decision and Order constitutes the court's findings in accordance with Federal Rule of Bankruptcy Procedure 7052(a).

### PROCEDURAL POSTURE

This matter is before the court upon the Debtor/Defendant's Motion to Dismiss. The court conducted a hearing in this matter on August 7, 1997. The court took the matter under advisement for subsequent decision. After careful consideration of the parties' pleadings, the arguments presented at the hearing, and an independent examination of the legal principles in question, the court is now prepared to issue its decision in this matter.

### STATEMENT OF FACTS

On January 31, 1997, E. Louise Glover (the "debtor/defendant") filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. The court set March 13, 1997, as the date for the meeting of creditors pursuant to Section 341(a) of the Bankruptcy Code. May 12, 1997 was the date set as the deadline for filing a complaint objecting to discharge of the Debtor or to determine the dischargeability of certain debts. Notice of the meeting of the creditors and the deadline for filing complaints to determine the dischargeability of debts was sent to the creditors on February 6, 1997.

One of the creditors, First Deposit National Bank (the "plaintiff"), executed a complaint asserting the nondischargeability of the Debtor/Defendant's indebtedness to the Plaintiff. On Friday, May 9, 1997, Plaintiff's counsel placed the adversary proceeding pleadings with Airborne Express, a national overnight delivery service, for filing with the court on the following Monday, May 12, 1997.

The Plaintiff believed that the adversary proceeding pleadings would be delivered to the court on May 12, 1997, the deadline for filing complaints to determine the dischargeability of debts. Airborne Express, however, did not deliver the package to the court until Tuesday, May 13, 1997 on which date the complaint was filed. A copy of the summons and complaint was served on the Debtor/Defendant on May 17, 1997. The Debtor/Defendant's discharge was issued on May 15, 1997.

On June 9, 1997, the Debtor/Defendant filed a motion to dismiss the Plaintiff's complaint as being untimely filed.

### CONCLUSIONS OF LAW

The time period for filing complaints to determine dischargeability of debts is governed by Rule 4007 of the Federal Rules of Bankruptcy Procedure, which provides that:

**(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION, CHAPTER 11 REORGANIZATION, AND CHAPTER 12 FAMILY FARMER'S DEBT ADJUSTMENT CASES; NOTICE OF TIME FIXED.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Fed.R.Bankr.P. 4007(c).

Bankruptcy Rule 9006(b) states that: "The court may enlarge the time for taking action under Rule [ ] ... 4007(c) ... only to the extent and under the conditions stated in those rules." Fed.R.Bankr.P. 9006(b).

The Plaintiff asserts that, although its complaint was filed after the deadline, the Debtor/Defendant's motion to dismiss should be denied because the deadline is only a statute of limitations and not a jurisdictional

requirement. As a statutory filing deadline, it would then be subject to the defenses of waiver, estoppel, and equitable tolling. The Plaintiff argues that, given the facts and circumstances of the present case, it is entitled to the application of the defense of equitable tolling such that its complaint could be deemed timely filed. The Debtor/Defendant counters that the Rule 4007(c) deadline is jurisdictional and can only be extended as provided in the Federal Rules of Bankruptcy Procedure (the "Rules"). The Debtor/Defendant argues that the facts of this matter do not warrant making any exceptions for the Plaintiff.

■ Whether a bankruptcy court has the power to extend the Rule 4007(c) deadline after it has expired is a question on which the courts historically have been divided. The majority of courts have held that the deadline imposed by Rule 4007(c) is jurisdictional and thus, once it has expired, it cannot be extended by the parties or by the bankruptcy court.[1] These courts have all adopted the conclusion reached in *Fed. Deposit Ins. Corp. v. Kirsch (In re Kirsch )*, 65 B.R. 297, 301–303 (Bankr.N.D.Ill.1986). In *Kirsch* the court held that the deadline fixed by Rule 4007(c) is "set in stone" and that once the deadline expires, it cannot be extended on the "grounds of excusable neglect or otherwise." *Id.* at 300.

A minority of courts, however, have held that the rule is not jurisdictional and have found that a bankruptcy court may extend the time for a creditor to file a complaint to determine dischargeability after the deadline has expired, if equity so requires.[2] These courts have found that Rule 4007(c) is merely a statute of limitations and as such is subject to the equitable defenses of waiver, estoppel, and tolling. See *United States v. Locke,* 471

U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985).

This court agrees with the majority. The language of the Code and the Rules is quite clear. Section 523(c) provides that the debtor will be discharged from certain debts unless the creditor takes affirmative action to have the debt declared nondischargeable. *See* 11 U.S.C. § 523(c)(1). Rule 4007(c) provides that complaints to determine the dischargeability of such debts must be filed within 60 days after the first date set for the meeting of creditors, unless the creditor moves for·an extension of time before the expiration of the original deadline. Rule 9006(b)(3) makes it clear that the deadline imposed by Rule 4007(c) can only be extended by a motion filed before the deadline has passed.

■ Accordingly, if a creditor fails to file a complaint to determine the dischargeability of debt before the expiration of the applicable deadline, that debt will be dischargeable regardless of the merits of the creditor's claim. Such a result is consistent with the Congressional policy underlying determinations of dischargeability. The House and Senate Reports accompanying the enactment of section 523(c) provide, in relevant part:

> Subsection (c) requires a creditor who is owed a debt that may be excepted from discharge under paragraph (2), (4), or (6) (false statements, embezzlement or larceny, or willful and malicious injury) to initiate proceedings in the bankruptcy court for an exception to discharge. If the creditor does not act, the debt is discharged.

HR Rep. No. 595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 80 (1978).

---

**1.** See *Grossie v. Sam (In re Sam )*, 894 F.2d 778, 781 (5th Cir.1990); *Neeley v. Murchison,* 815 F.2d 345, 347 (5th Cir.1987); *Lompa v. Price (In re Price )*, 871 F.2d 97, 99 (9th Cir.1989); *Byrd v. Alton (In re Alton )*, 837 F.2d 457, 459 (11th Cir.1988); *Norwest Financial v. Curtis (In re Curtis )*, 148 B.R. 465, 467 (Bankr.N.D.Tex.); *Lawrence Steel Erection Co. v. Piercy (In re Piercy )* 140 B.R. 108, 111 (Bankr.D.Md.1992); *Town of Nottingham v. Diberto (In re Diberto )*, 136 B.R. 24, 26 (Bankr.D.N.H.1992); *In re Piesner,* 130 B.R. 399, 402 (Bankr.E.D.N.Y.1991); *In re Dun-*

can, 125 B.R. 247, 252 (Bankr.W.D.Mo.1991); *Anderson v. Booth (In re Booth )*, 103 B.R. 800, 801–802 (Bankr.S.D.Miss.1989); *Household Finance Co. v. Beam (In re Beam )*, 73 B.R. 434, 437 (Bankr.S.D.Ohio 1987).

**2.** *European American Bank v. Benedict (In re Benedict),* 90 F.3d 50, 54 (2nd Cir.1996); *Schunck v. Santos (In re Santos )*, 112 B.R. 1001, 1006 (9th Cir. BAP 1990); *First Bank System, N.A. v. Begue (In re Begue )*, 176 B.R. 801, 804 (Bankr.N.D.Ohio 1995).

The United States Supreme Court has made it clear that the deadlines set by the Bankruptcy Rules are jurisdictional in nature. *See Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–45, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280 (1992). In *Taylor* the court held that a trustee cannot contest the validity of a claimed exemption after the expiration of the deadline for filing objections. *Id.* at 643–45, 112 S.Ct. at 1648–49. Rule 4003(b) established the 30 day deadline and the court found that "by negative implication, the Rule indicates that creditors may not object after 30 days, unless within such period, further time is granted by the court." *Id.* at 643, 112 S.Ct. at 1648. *See also* Fed.R.Bankr.P. 4003(b). Rule 4003(b) is analogous to Rule 4007(c), in that each Rule sets a deadline for filing. Rule 9006(b)(3) effectively limits the extension of the deadlines set in each rule to motions filed before the deadline has passed, under the Rules that is the only permissible method to extend the applicable deadline. In *Taylor* the trustee failed to move for an extension of time to object and the court refused to permit the trustee to raise any objection to the claimed exemption after the deadline had passed. *Id.* at 644, 112 S.Ct. at 1648–49. The Code and the Rules made the property exempt and the trustee was prevented from contesting the exemption, "whether or not the [debtor] had a colorable statutory basis for claiming it." *Id.* at 644, 112 S.Ct. at 1648.

This court cannot now permit the Plaintiff to argue, in an untimely manner, the nondischargeability of the debt owed it by the Defendant/Debtor. The Plaintiff knew of the deadline but failed to file its complaint asserting the nondischargeability of the Debtor/Defendant's indebtedness to the Plaintiff until after the deadline had expired. The Plaintiff made no motion to extend the deadline. While it may have been reasonable for the Plaintiff to rely upon the services of a reputable overnight delivery business to ensure that its complaint was timely filed, that reliance was misplaced. Since the complaint was filed only one day after the deadline had passed, the Plaintiff argues that equitable principles should permit a late filing. The particular need in bankruptcy for certainty and finality must, however, be part of the balancing of equitable considerations. Bankruptcy law is very time oriented. Delay or lack of certainty undermines the legitimate expectation of debtors for a "fresh start" and creditors for a reasonably prompt determination of distributions in a bankruptcy case.

Pursuant to Rule 4007(c) the court set May 12, 1997 as the deadline for filing complaints to determine the dischargeability of certain debts. The Plaintiff's complaint was filed in an untimely manner on May 13, 1997. Before the deadline expired, the Plaintiff had ample time to either file the complaint or seek an extension of time to do so. By failing to act within the prescribed time period, the Plaintiff is now barred from asserting the nondischargeability of the Debtor/Defendant's indebtedness to the Plaintiff. That debt was discharged on May 15, 1997 when the Debtor/Defendant was granted her discharge in bankruptcy.

Although this result may seem harsh and arbitrary, it comports with Congressional purpose and the holding of the highest court in the land, relating to administration of bankruptcy law.[3] As stated by the Supreme Court, "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor,* 503 U.S. at 644, 112 S.Ct. at 1648.

## CONCLUSION

Based on the foregoing, this court finds that the Plaintiff's failure to file a complaint on or by May 12, 1997 bars the Plaintiff from objecting to the dischargeability of the Debtor/Defendant's indebtedness to the Plaintiff and the Debtor/Defendant's motion to dismiss is well-taken.

**3.** Other courts have followed this approach. Applying a similar reasoning, Judge Thomas Waldron of this court cited the Supreme Court's holding in *Taylor* in a decision disallowing a creditor's proof of claim as untimely where the creditor's claim was not filed within 30 days from the date that judgment against the creditor became final. *See In re International Diamond Exchange Jewelers,* 188 B.R. 386, 390–391 (Bankr.S.D.Ohio 1995). *See also* Fed.R.Bankr.P. 3002(c)(3).

It is hereby ORDERED that the Debtor's motion to dismiss is GRANTED.