**Eric Duane TURNER, Petitioner,**

v.

**Harry K. SINGLETARY, Respondent.**

**No. 5:97CV136–RH.**

United States District Court,
N.D. Florida,
Panama City Division.

Jan. 26, 1999.

Marcia G. Shein, Atlanta GA, for petitioner.

Mark Christopher Menser, Attorney General's Office, St Louis MO, for respondent.

### *ORDER DENYING PETITION*

HINKLE, District Judge.

This matter is before the court on the Magistrate Judge's Report and Recommendation (*document 15*) and plaintiff's objections thereto (*document 16*). I have reviewed *de novo* the matters addressed by the objections. I accept the Report and Recommendation and adopt it as the opinion of the court. In response to the objections, I add four brief comments.

First, the law of the circuit now clearly recognizes the validity and applicability of the one-year statute of limitations, with an attendant one-year grace period following its enactment, to petitions challenging

preexisting convictions. *See, e.g., Wilcox v. Florida Dep't of Corrections,* 158 F.3d 1209 (11th Cir.1998). Petitioner's attack on the April 23, 1997 deadline for the filing of his petition is contrary to the settled law of the circuit.

■ Second, complaints and petitions must be *filed* prior to expiration of the applicable statute of limitations, not merely *mailed,* except when submitted by prisoners, who can only assure delivery of their materials to prison employees for mailing, and cannot assure that they are in fact mailed or delivered to the court. This has been the rule governing all statutes of limitation for many years.

Third, although application of the statute of limitations might appear harsh, that is always the case with statutes of limitation. By definition, statutes of limitation preclude presentation of a plaintiff's or petitioner's claims on the merits. Harsh as they are, statutes of limitation serve important interests. And harsh as it might seem, statutes of limitation establish hard and fast deadlines, subject to tolling under various circumstances but not subject to being held inapplicable simply because a plaintiff or petitioner came close. The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.

Fourth, the harshness in the case at bar is mitigated by the fact that petitioner failed properly to submit his claims in state court and because it appears clear that petitioner would not have been entitled to relief in this court even had he filed his petition timely.

Accordingly,

IT IS ORDERED:

The Report and Recommendation is ACCEPTED and adopted as the opinion of the court. The petition challenging Petitioner's conviction in the Circuit Court of Bay County, Florida, case number 89–3256 is dismissed as untimely. The clerk shall enter judgment stating, "The petition is dismissed as untimely" and shall close the file.

DAVIS, United States Magistrate Judge.

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1). Respondent has filed a response (doc. 13) to which petitioner has replied (doc. 14). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D.Fla. Loc.R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases, Rule 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition was untimely and should be dismissed.

## BACKGROUND

Petitioner was charged in the Circuit Court of Bay County, Florida with two counts of first degree murder, two counts of kidnapping with a firearm, and one count of robbery with a firearm. He was convicted on all counts, and the trial court overrode the jury's recommendation and sentenced him to death. The Florida Supreme Court confirmed the convictions but reversed the death sentence. *Turner v. State* 645 So.2d 444 (Fla.1994). Petitioner was then sentenced to life in prison without possibility of parole for 25 years on the two murder counts. Petitioner has not filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P. His first attempt at post conviction relief, other than his direct appeal, was the filing of this federal habeas action.

## SUMMARY OF ARGUMENTS

Petitioner raises four grounds: 1) ineffective assistance of counsel by counsel's failure a) to recognize that petitioner was incompetent to stand trial and entitled to an insanity defense to the trial itself or b) to object to the administration of psychotropic drugs by the state, the effect of which was to make petitioner appear to be competent; 2) error by the trial court in denying petitioner's motion to strike a juror for cause; 3) refusal by the trial court to find that petitioner was incompetent to stand trial; and 4) ineffective assistance of counsel by counsel's failure to present an insanity defense at trial.

Respondent argues first that this petition was untimely and is barred by operation of the limitation period set out in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104–132, 110 Stat. 1214. Respondent also argues that none of the four grounds raised here were raised in the state courts, and are therefore procedurally barred and cannot be considered by this court. Finally, respondent argues that even if the grounds raised here, or any of them, are reviewable in this court, they are without merit.

## STATUTE OF LIMITATIONS

The AEDPA became law on April 24, 1996. Contained within it was a limitation period, now codified at Title 28 U.S.C. § 2244(d)(1), for habeas actions filed under Title 28 U.S.C. § 2254. The law provides a one-year limitation on habeas actions, measured from the date the judgment of conviction became final. Petitioner's conviction became final prior to the effective date of the AEDPA. Respondent argues that this action should have been filed no later than April 24, 1997[1] in order to be timely, and that because it was filed with the clerk of this court on April 29, 1997, it is time barred. Petitioner contests this and argues that 1) the AEDPA does not apply to this case because its application would violate the Ex Post Facto Clause and the Suspension Clause of Article I, Section 9 of the Constitution; 2) if the AEDPA is applicable, petitioner is entitled to the protection of the "mailbox rule" announced in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); 3) if the mailbox rule does not apply, the petition was still timely because it was placed in the United States mail on April 23, 1997; and 4) if the petition was not timely, the statute of limitations is subject to equitable tolling, to which relief this petitioner is entitled.

Petitioner's first contention, inapplicability of the AEDPA to convictions that became final prior to its enactment, can be disposed of briefly. The Eleventh Circuit has ruled that the AEDPA applies to state convictions that became final prior to April 24, 1996, and the time for filing § 2254 petitions in such cases expired on April 23, 1997. *Wilcox v. Florida Dept. of Corrections,* 158 F.3d 1209 (11th Cir.1998). *See also, Goodman v. United States,* 151 F.3d 1335 (11th Cir.1998) (holding that the AEDPA applied to federal prisoners whose convictions had become final prior to its enactment, and imposing an April 23, 1997 deadline for filing 28 U.S.C. § 2255 motions). As to petitioner's contention that the limitations period operates as an unlawful suspension of the writ, an argument for which no legal authority was advanced, the Eleventh Circuit has recently held that substitution of judicial review in place of habeas corpus review of INS detention orders is not a suspension of the writ. *Richardson v. Reno,* 1998 WL 850045 (11th Cir. Dec.9, 1998). The court made a thorough analysis of the history of the suspension clause, and generally concluded that the clause is violated when the writ is, without justification, effectively abolished. The limitations period involved here did not abolish the writ, it merely shortened the time within which it is available.

Petitioner's second contention, that he is entitled to the benefit of the

---

1. The correct deadline was April 23, 1997. *See Wilcox, infra.*

mailbox rule, can also be disposed of briefly. In *Lack, supra,* the Supreme Court announced the rule that a notice of appeal of the denial of a § 2254 petition is effectively filed by a *pro se* prisoner as of the date it is delivered to prison authorities for mailing. The court grounded its decision of the unique situation of a prisoner—he is entirely without the ability to control what happens with respect to delivery of the pleading after he gives it to the warden. He cannot personally deliver it to the clerk, or mail it and then monitor its progress and implement a backup plan if it is delayed, or verify that it arrived at the clerk's office within the prescribed time even though it may not have been stamped until later, or send it by some form of private express. *Lack,* 487 U.S. at 270–271, 108 S.Ct. at 2382. The mailbox rule applies not only to notices of appeal, but to complaints in 42 U.S.C. § 1983 actions, in Federal Tort Claims Act cases, and in *Bivens* actions. *Garvey v. Vaughn,* 993 F.2d 776 (11th Cir.1993). For purposes of the one year limitation period imposed by the AEDPA, a *pro se* prisoner's habeas petition is deemed filed at the moment it is delivered to prison officials. *Burns v. Morton,* 134 F.3d 109 (3rd Cir.1998).

■ Unlike the prisoners in those cases, however, petitioner in this case, while a prisoner, is not acting *pro se.* He is represented by counsel, who had the ability to do all the things the Supreme Court suggested that prisoners could not do, as well as others, such as arranging for the petition to be filed by counsel located in the same city as the court. The mailbox rule was judicially created for the benefit of a very narrow class of persons who have "no recourse other than to entrust [their] court filings to prison authorities over whom [they have] no control." *Garvey* at 780. It was not created for the benefit of prisoners who are represented by counsel.

Petitioner's third contention, that the petition was filed effectively on mailing, requires somewhat more discussion. Title 28 U.S.C. § 2254(d) provides that "[a] 1– year period of limitation shall apply to an application for a writ of habeas corpus...." The statute does not state how the application must be presented to the court. However, Rule 3(a), Rules Governing Section 2254 Cases, states that the "petition shall be filed in the office of the clerk of the district court." Similarly, Rule 3, Fed.R.Civ.P. provides that a civil action is commenced by filing a complaint with the court, and Rule 5(c) defines this as "filing [papers] with the clerk of court."

The question of when and how a pleading is "filed" has been the source of considerable litigation, but in this Circuit the rule is well established. In *Haney v. Mizell Memorial Hospital,* 744 F.2d 1467, 1472 (11th Cir.1984) the court held that a notice of appeal in a civil case is deemed filed when it is received by the clerk, and that "simply depositing the notice in the mail is not the same as filing it," citing *Sanchez v. Board of Regents,* 625 F.2d 521, 522 (5th Cir.1980). Cases construing how a pleading is filed in other contexts reach the same conclusion. *McIntosh v. Antonino,* 71 F.3d 29 (1st Cir.1995) (holding that civil rights action under 42 U.S.C. § 1983 is not filed until received by the court); *Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043 (2nd Cir.1991) (holding that notice of removal of civil case under 28 U.S.C. § 1447(c) is filed when received by the clerk); *Cooper v. City of Ashland,* 871 F.2d 104 (9th Cir.1989) (holding that when civil rights complaint is mailed to the clerk's office, it is filed when received). Even the Supreme Court, in *Lack,* commented on the risk run by litigants who "may choose to entrust their appeals to the vagaries of the mail." *Lack,* 487 U.S. at 271, 108 S.Ct. at 2382.

■ The court file in this case does not show when the petition was mailed, only that it was stamped "filed" by the clerk on April 29, 1997. Petitioner represents that "the petition was timely filed on April 23, 1997 by placing an appropriate amount of postage on the petition and depositing same in the United States Mail

Service [sic] ." (Doc. 14, p. 2). Accepting this date as correct, nevertheless the petition was not filed on April 23, 1997, and therefore was not timely. Mailing a pleading on the last day of a limitation period does not accomplish filing. *Haney, supra.*

Petitioner's last contention is that if the petition was untimely, he should be granted additional time under the doctrine of equitable tolling, because his petition was filed only six days beyond the deadline. Petitioner relies on *Calderon v. United States District Court,* 128 F.3d 1283 (9th Cir.1997), which held that the deadline imposed by the AEDPA is not a jurisdictional bar, but is in the nature of a statute of limitations and therefore subject to equitable tolling. Other Circuits that have addressed the issue have agreed, *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616 (3rd Cir.1998); *Miller v. Marr,* 141 F.3d 976 (10th Cir.1998), although the Eleventh Circuit has not yet spoken. Nevertheless, it is not necessary to determine whether tolling is available, because even if it were, petitioner has not shown the requisite facts to warrant it.

■ Generally, courts will toll statutes of limitations only upon finding an inequitable event that prevented timely action. *Justice v. United States,* 6 F.3d 1474 (11th Cir.1993). The burden is upon the petitioner to show that equitable tolling is warranted. *Id.* Equitable tolling is warranted when, as in a civil case, (1) the defendant misleads the plaintiff into allowing the statutory period to lapse, (2) the plaintiff has no reasonable way to discover the wrong perpetrated against him, or (3) the plaintiff "timely files a technically defective pleading and in all other respects acts with 'the proper diligence ...' which ... statutes of limitation were intended to insure.' " *Id.* When the plaintiff is in a position reasonably to know that the limitations period is running but does not file in a timely manner, or when the plaintiff does not act with due diligence, "the interests of justice side with the defendant." *Id.* However, even if the plaintiff acts with

due diligence, his actions will not necessarily warrant equitable tolling of the limitations period. *Id.* "The Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly." *Id.* at 1479 (citing *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990)). In addition, "principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Id.* at 1480 (citing *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458).

■ Petitioner here is represented by counsel who details the reason for the late filing of the motion—that it was not late but was mailed on time. She makes no attempt to show any other reason. She does suggest that for the court to find that this petition is time barred would act as a suspension of habeas relief and imply ineffective assistance of counsel, leaving the door further ajar for complex and unnecessary litigation (doc. 14, p. 2). Counsel offers no other rationale for equitable tolling, and there is none. The suspension issue is without merit, and whether this case should be litigated further is not here for decision.

■ Petitioner cites *Calderon* as authority for tolling the limitations period due to "extraordinary circumstances." In *Calderon,* the Ninth Circuit found that defendant's counsel had diligently pursued the preparation of defendant's petition, but withdrew as counsel after accepting other employment. Because the defendant had no control over counsel's actions, the court found that "extraordinary circumstances" justified the tolling of AEDPA's one year period for filing a § 2254 habeas petition. The situation in *Calderon* is easily distinguished from this situation. In *Calderon,* the petitioner was convicted of first degree murder and sentenced to death. The petitioner's requests for appointment of counsel and stay of execution in federal district court were granted and the court required the habeas petition to be filed by March

25, 1997. On February 3, 1997, petitioner's newly appointed counsel asked the district court to extend the filing date and toll the § 2254 (amended) time provision, and the district court granted the motion. Unlike the situation in *Calderon*, in the instant case, (1) petitioner is not under a death sentence, (2) counsel makes no brief that she was called into this case at the last minute, and (3) petitioner did not seek an extension of time before the limitations period was to expire. No "extraordinary circumstances" have been established. *See, e.g., United States v. Van Poyck*, 980 F.Supp. 1108 (C.D.Cal.1997); *Kapral v. United States*, 973 F.Supp. 495, 499 (E.D.N.J.1997) (dismissal of § 2255 motion filed on April 29, 1997 due to expiration of statute of limitations); *United States v. Maldanado*, 1997 WL 360932 (E.D.Pa. 1997).

In conclusion, and upon consideration of all of the above, the undersigned finds that the instant Section 2254 petition was filed beyond the limitation period. The one year limitation for filing a habeas petition applies to this petitioner, the mailbox rule exception is not available, and mailing the petition on the last day of the limitation period did not accomplish its filing. It is not necessary to decide whether the AEDPA's limitation period is a jurisdictional bar or a statute of limitations; even if the one year period is construed as a statute of limitations, petitioner has not stated sufficient cause to warrant equitable tolling.

 Because the petition was untimely, it is not necessary to address the petitioner's specific grounds for relief or respondent's defenses to them, including procedural bar. Nevertheless, they will be dealt with briefly. Ground one, ineffective assistance of counsel for failure to deal with petitioner's incompetence to stand trial, should have been presented to the state courts for resolution, but was not. It is therefore procedurally barred. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); 28 U.S.C. § 2254(b) and (c). Ground two, error in denying a motion to strike a juror for cause, while raised on appeal, was not presented to the court as a federal constitutional violation. It is therefore procedurally barred. *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Ground three, failure to find petitioner incompetent to stand trial, while raised on appeal, attacks a finding of fact by the state court to which deference is due, and the state court's decision did not involve an unreasonable determination of clearly established federal law and was not an unreasonable determination of the facts in light of the evidence. *Neelley v. Nagle*, 138 F.3d 917 (11th Cir.1998); 28 U.S.C. § 2254(d). Ground four, ineffective assistance of counsel for failure to present an insanity defense, like ground one, is procedurally barred for failure to present it to the state courts for resolution. *Picard, supra.*

Accordingly, it is respectfully RECOMMENDED that the petition for writ of habeas corpus, (doc. 1) challenging the conviction and sentence in the case of *State of Florida v. Eric Duane Turner*, in the Circuit Court of Bay County, Florida, case no. 89–3256, be DISMISSED as untimely, and the clerk be directed to close the file.