**In re Eugene ALPERN, Debtor.**

**Bankruptcy No. 93–B–7643.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

March 29, 2000.

Eugene Walter Alpern, pro se.

Dean Harvelis, Assistant U.S. Trustee.

Lawrence Fisher, Chapter 7 Trustee.

### MEMORANDUM OPINION ON MOTION TO DISQUALIFY JUDGE

JACK B. SCHMETTERER, Bankruptcy Judge.

Eugene W. Alpern is a debtor proceeding *pro se* in a case under Chapter 7 of the

Bankruptcy Code 11 U.S.C. § 101 et seq. presided over by the undersigned. On January 11, 2000, this chambers received a letter from Alpern in chambers, arguing that by reason of events in court on January 5, 2000, the undersigned should be disqualified from presiding in Mr. Alpern's case. Since Alpern is proceeding *pro se*, his letter will be liberally construed and treated as a motion to disqualify the Judge, considered under 28 U.S.C. §§ 455(a) and 455(b)(1). *See Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992) (pro se litigants pleadings must be liberally construed); and *Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir.1987). Another letter from him to chambers was returned to him by my staff unread by the Judge because it was some further communication about this case not presented by motion or notice to interested parties. He responded with yet another letter indicating his view that a request for disqualification need not be filed by motion or notice. The second letter will be treated as supplementing the motion to disqualify. For reasons stated below that motion is denied[1].

### *Allegations*

Alpern alleges that after the evidentiary hearing and argument held in open court on his pending motions on January 5, 2000, he went to the Clerk's office of the Bankruptcy Court to inquire about applying for *In forma pauperis* status. Alpern was told that he had to obtain the requested information from the presiding Judge. Upon returning to the courtroom, Alpern claims that he observed another case in which some other debtor attempting to proceed *pro se* was instructed in some way by the court. The other parties in his case (being the Chapter 7 Trustee's counsel and Assistant U.S. Trustee) had left the court-

room and Alpern's case was not recalled. However, Alpern then sought to approach the bench to inquire about filing for *in forma pauperis* status and to argue that this court had failed to comply with law pertaining to his *pro se* status during his prior hearing that day. At that time a recess had been called and the court was leaving the bench, and Alpern was denied permission to approach the bench and address the court or reopen the hearing in his case that had earlier been concluded. The court reporter evidently did not record what Alpern had said. The transcript for the earlier hearing does not show his attempt to speak as the Judge was leaving the bench, but does show the termination of the hearing in his case that day.

Based on the fact that he was not allowed to approach the bench and discuss his case when other parties had left, and his opinion that the court failed to instruct him in the law in light of his *pro se* status, Alpern alleges that the undersigned denied him his "legal, civil, and Constitutional Rights," and also asserts the conclusion that the Judge exhibited "personal bias, prejudice, and ... appearance of partiality towards me...." Alpern does not allege any other facts or events to support those claims, and he has not presented for ruling any motion to proceed *in forma pauperis*. While his first letter shows a copy sent to the Internet, he has apparently not sent a copy to the Chapter 7 Trustee, U.S. Trustee, or creditors. Nor did he serve the second letter returned by the chambers staff.

### *Jurisdiction*

This matter is before the Court pursuant to 28 U.S.C. § 157 and referred here by Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Subject matter jurisdiction lies under 28 U.S.C. § 1334(b). Venue lies under 28 U.S.C.

---

1. Another opinion is released today dealing with Alpern's pattern of making unfounded charges against parties and the prior judge on this case, and covering his many efforts to disqualify the prior judge.

§ 1409. This issue constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## Discussion

The relevant bankruptcy statute pertaining to Bankruptcy Judge recusal is referenced in Rule 5004(a) of the Federal Rules of Bankruptcy Procedure:

> A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arise or, if appropriate, shall be disqualified from presiding over the case.

Section 455 of Title 28 U.S.C. provides in pertinent part as follows:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding
>
> * * *

### Disqualification under 28 U.S.C. § 455(a)

■■■ 28 U.S.C. § 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard for a finding of perceived bias under this provision is whether a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir.1995). This is an objective standard from the viewpoint of a thoughtful and well-informed observer, not a "hypersensitive, unduly suspicious person". *Id.* The risk must be one that is substantially out of the ordinary. *Id.* The statute does not require recusal when the claim is based on "unsupported, irrational or highly tenuous speculation". *See In re*

*Martinez–Catala*, 129 F.3d 213, 220 (1st Cir.1997) (quoting *In re United States* 666 F.2d 690, 694 (1st Cir.1981)). Furthermore, a party moving for recusal has the burden of producing facts which would raise doubts about the judge's impartiality. *In re Betts*, 165 B.R. 233, 238 (Bankr. N.D.Ill.1994).

■■■ Alpern's recusal motion must be viewed as being based on unsupported and highly tenuous speculation since his letter does not explain the factual basis for his conclusion that the undersigned Judge harbors a prejudice against him. Alpern merely mentions his observation of the Judge instructing some other *pro se* debtor and argues without specification that the law relative to him as a *pro se* party was not complied with. In addition, Alpern alleges without specification that his legal, civil, and Constitutional rights were violated. Moreover, Alpern clearly resents the requirements imposed on him as well as all litigants by rules enforced here that communications to the court be copied to other parties and presented on motion and notice with requests for relief. That resentment does not give reasonable grounds to apprehend prejudice. Given the high threshold stated earlier for a finding of bias under the objective standard of 28 U.S.C. § 455(a), Alpern's motion for recusal on the basis of perceived bias is without merit and is denied.

### Disqualification under 28 U.S.C. § 455(b)(1)

■■■ A federal judge must recuse from a proceeding, "[w]here he has a personal bias or prejudice concerning a party ..." 28 U.S.C. § 455(b)(1). In determining whether the judge's disqualification is required under the provision, the question is whether a reasonable person would be convinced of the judge's bias. *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse–Wis., Inc.*, 991 F.2d 1249, 1255 (7th Cir.1993). Actual bias or prejudice must be alleged

and established by compelling evidence. *U.S. v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir.1985). Moreover, that bias must arise from an extrajudicial source. *Hook*, 89 F.3d at 355. Thus, judicial rulings and opinions formed during the course of proceedings almost never constitute a valid basis for recusal, unless they display a "deep-seated and unequivocal antagonism that would render fair judgment impossible". *Liteky v. U.S.*, 510 U.S. 540, 556, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Judicial remarks in the course of our work, even those expressing impatience, dissatisfaction, or annoyance, do not establish impartiality. *Hook*, 89 F.3d at 355. "A judge's ordinary efforts at courtroom administration ... remain immune." *Id.*

Moreover, there is no basis for recusal when a motion does not contain any detailed information to explain the claimed bias or prejudice and instead provides a barrage of conclusory personal attacks. *See Cichon v. Roto–Rooter Services Co.*, 1998 WL 142428, at *3 (N.D.Ill.1998). A panel of the District of Columbia Circuit used that reason to deny recusal when no evidence was asserted to establish that the judge had a conflict of interest or was biased, and judicial prejudice was merely inferred from unfavorable judicial rulings and court delays in ruling on pending matters. *See Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C.Cir.1995).

Applying the foregoing standards to the present matter, Alpern's allegations do not set forth any basis for a reasonable question of the Court's impartiality in the mind of an objective disinterested observer. Alpern's claim of bias is based largely on the Judge's disinclination to allow him to approach the bench and address the Judge in open court, after the other parties had left and the Judge had called a recess and was walking off the bench, in order that he might inquire about proceeding *in forma pauperis* without any pending motion or notice to other parties on that subject. There are no allegations that the undersigned had any contact with Al-

pern outside of the courtroom. Thus, the Judge's supposed personal bias is not even alleged to be derived from the requisite extrajudicial source as required under § 455(b)(1).

### CONCLUSION

For reasons set forth above, Eugene W. Alpern's motion to recuse will be denied by separate order.