**In re Richard L. PACK and Alma Pack, Debtors.**

**Margaret B. Fugate, Trustee, Plaintiff,**

v.

**Richard Pack and Alma Pack, Defendants.**

**Bankruptcy No. 98–22148.**
**Adversary No. 99–2022.**

United States Bankruptcy Court, E.D. Tennessee.

May 17, 2000.

Margaret B. Fugate, Johnson City, TN, trustee pro se.

Richard and Alma Pack, Lafollette, TN, pro se.

## MEMORANDUM

MARCIA PHILLIPS PARSONS, Bankruptcy Judge.

In this adversary proceeding, the chapter 7 trustee objects to the debtors' discharge pursuant to 11 U.S.C. § 727(a)(2)(B), (a)(3), (a)(4)(D), and (a)(6)(C). Because the complaint commencing the adversary proceeding was not

timely filed, the trustee has requested that the court equitably toll the deadline pursuant to its powers under 11 U.S.C. § 105(a). The court having concluded equitable tolling is not appropriate, the motion will be denied and the complaint dismissed. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(I).

## I.

The underlying bankruptcy case, originally commenced under chapter 11 on August 25, 1998, was converted to chapter 7 upon a creditor's motion by order entered December 10, 1998. That same day, the clerk issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" advising, *inter alia,* that the deadline to file a complaint objecting to discharge or to determine the dischargeability of certain debts was March 8, 1999. The notice also recited: "Papers must be *received* by the bankruptcy clerk's office by the [stated] deadlines." (Emphasis in original).

On March 3, 1999, Margaret Fugate, the chapter 7 trustee, moved for an extension of time in which to file a discharge or dischargeability complaint. As grounds for the motion, the trustee stated that the debtor Richard Pack had not yet supplied certain requested documentation regarding his assets and had failed to surrender certain property of the estate. With respect to the debtor Alma Pack, the trustee alleged that Mrs. Pack had failed to disclose assets and attend a meeting of creditors.

After a March 23, 1999 hearing, the trustee's motion was granted and the discharge and dischargeability deadlines were extended sixty days as requested by the trustee. An order to this effect was tendered by the trustee and entered on March 25, 1999. The order recited "that the Trustee and the creditors of this estate shall have until May 7, 1999, to file a complaint pursuant to 11 U.S.C. § 727(a) and 11 U.S.C. § 523."

Notwithstanding the new May 7 deadline, the complaint initiating this adversary proceeding was filed by the trustee on May 10, 1999, one business day after the deadline since May 7 was a Friday. The asserted grounds for denying the debtors a discharge were basically the allegations set forth in the trustee's motion for extension of time. The trustee also alleged that monies from the chapter 11 bank account were paid to Mr. Pack and his son after the bankruptcy case was converted to chapter 7.

In the answer filed on behalf of the debtors by their former counsel[1] on July 26, 1999, the debtors generally denied the trustee's allegations although they admitted that Mrs. Pack had not appeared at a meeting of creditors and offered to make her available for questioning in the event the trustee so desired. In the last numbered paragraph of their answer, the debtors affirmatively alleged "the Trustee has not brought the Adversary Proceeding within the time period allowed by the Bankruptcy Code."

Although the debtors raised the timeliness of the complaint in their answer, they did not file a motion to dismiss on this basis or otherwise bring the issue to the attention of the court for resolution. In fact, to the court's recollection, no further mention of the complaint's untimeliness was made until the court, *sua sponte,* raised the issue at the commencement of trial on February 17, 2000.[2] In response to an inquiry from the court, the trustee stated that she had overlooked the defense in the debtors' answer, but that the complaint had been mailed on May 3, 1999, in

---

1. The answer was filed by Robert M. Bailey, Esq., who had been retained by the debtors after they became dissatisfied with their initial bankruptcy counsel. Mr. Bailey was subsequently allowed to withdraw by order entered January 18, 2000, and the debtors have thereafter proceeded *pro se.*

2. Neither of the debtors appeared at the scheduled trial.

sufficient time to reach the clerk's office by the May 7 deadline. The trustee also argued that the late-filing should be excused in light of the lack of good faith exhibited by the debtors during their bankruptcy case. Concerned that a timely complaint was a jurisdictional prerequisite to a denial of discharge, the court gave the trustee an opportunity to research the matter. Accordingly, an order was entered on February 17, 1999, providing the trustee through March 17, 2000, in which to file any motion relating to the deadline. The order further stated that absent further action by the trustee, this adversary proceeding would be dismissed.

Now pending before the court is the trustee's motion filed on March 13, 2000, requesting that the court consider the filing of the complaint to be timely pursuant to the court's powers under 11 U.S.C. § 105(a).[3] The trustee asserts that "the facts serving as a basis for denial of discharge to these debtors are substantial and that the granting of a discharge to these debtors would be an abuse of process." The motion is supported by the affidavit of Gayle Sollenberger, a legal assistant for the trustee, as evidence for the assertion that the complaint was mailed on May 3, 1999.[4]

Also before the court is a handwritten letter and a handwritten "Motion" filed respectively on March 14 and 21, 2000, by the debtor Richard Pack, appearing *pro se.*

Although the letter and the motion are presumably in response to the court's February 17 order and the trustee's March 13 motion, neither address the timeliness of the complaint or the merits of the trustee's motion. Instead, both the letter and motion are primarily a criticism of the bankruptcy case, the rulings by this court, and the actions of the trustee. However, the first sentence of the motion states "[t]he Defendants ask the Court to discharge this case." Accordingly, the court will treat the correspondence from Mr. Pack as opposing the relief sought by the trustee and seeking dismissal of the complaint. *See, e.g., In re Alpern,* 246 B.R. 578, 580 (Bankr.N.D.Ill.2000)(*pro se* pleadings to be liberally construed).

## II.

It is clear that the complaint in this case was not timely filed. This court's March 25, 1999 order set May 7, 1999, as the deadline for filing discharge complaints, but the complaint was not filed with the court until May 10, 1999. It is irrelevant that the complaint may have been mailed by the trustee to the clerk of the court on May 3, 1999, because "[a] document is filed when it is delivered and received into the custody of the clerk, not merely sent through the United States mails." *KWHK Broad. Co. v. Sanders (In re Bozeman),* 219 B.R. 253, 255 n. 3 (Bankr.W.D.Ark.1998).[5]

---

**3.** This subsection provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

**4.** The affidavit is less than conclusive. It recites in pertinent part that "I date the cover sheet on the day that I place it in the envelope to go to the Court. The cover sheet for the Pack adversary was dated May 3, 1999, by me and would have been placed in the mail on

that day." Nonetheless, for purposes of the trustee's motion, the court will assume that the complaint was properly addressed and deposited into the U.S. mail on May 3, 1999, with sufficient postage for delivery to the clerk.

**5.** *See also Turner v. Singletary,* 46 F.Supp.2d 1238, 1243 (N.D.Fla.1999)("Mailing a pleading on the last day of a limitations period does not accomplish filing."); *Norwest Fin., Texas, Inc. v. Curtis (In re Curtis),* 148 B.R. 465, 467 (Bankr.N.D.Tex.1992)("The complaint must be filed with the clerk by the bar date; mailing it to the clerk is not tantamount to filing."); *Eubank v. Strickland (In re Strickland),* 50 B.R. 16, 17 (Bankr.M.D.Ala.1985)("Sending or mailing by the United States Postal

Furthermore, as a general rule, this court has no authority to extend the time to file discharge complaints after the time for doing so has expired, even if the failure to file within the prescribed time was the result of excusable neglect. Under Fed. R. Bankr.P. 4004(a), a complaint objecting to the debtor's discharge must be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Subsection (b) of Rule 4004 provides that the court may extend this time period on motion of a party in interest, if such a motion is filed before the sixty days has run. Although Fed. R. Bankr.P. 9006(b) allows a court to enlarge time periods specified by the bankruptcy rules even after expiration of the time period where the failure to act timely was the result of excusable neglect, this rule is subject to the exceptions provided in paragraphs (2) and (3) of Rule 9006(b). Paragraph (3) specifically addresses Rule 4004(a) and states that the court may enlarge the time for taking action under this rule, "only to the extent and under the conditions stated [therein]." Reading Rules 4004 and 9006 together has led most courts to conclude that they lack the discretion to grant untimely motions to extend. *See, e.g., Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443, 1449 (11th Cir.1994)(bankruptcy court is without discretion to enlarge time for filing complaint under Rule 4004(a) when the request is made after the deadline); *H.T. Paul Co. v. Atteberry (In re Atteberry)*, 194 B.R. 521, 523 (D.Kan.1996)("The limitation contained in Rule 9006(b)(3) precludes the consideration of untimely motions under the excusable neglect standard . . . ."); *Agway Ins. Co. v. Grant (In re Grant)*, 45 B.R. 265, 266 (Bankr.D.Me.1984)("The Rules have removed the excusable neglect test from the court's consideration when the motion is made after the expiration date.").

Because of the enlargement restrictions found in Rule 9006(b)(3), a large number of courts, in fact what some have characterized as a majority, have concluded that the deadline imposed by Rule 4004(a) and its counterpart for filing dischargeability complaints, Rule 4007(c), are jurisdictional prerequisites, rather than statutes of limitations. *See, e.g., Goodwin v. U.S. Fidelity and Guaranty Ins. Co. (In re Goodwin)*, 215 B.R. 710, 714 (Bankr. W.D.Tenn.1997)(court holding that it agrees with the majority's conclusion that Rule 4007(c) time limit is jurisdictional); *Gebhardt v. Thomas (In re Thomas)*, 203 B.R. 64, 68–69 (Bankr.E.D.Tex.1996)(deadline to object to debtor's discharge is jurisdictional in nature and cannot be resuscitated by bankruptcy court once deadline has passed even if debtor agrees to the extension); *but see Schunck v. Santos (In re Santos)*, 112 B.R. 1001, 1006 (9th Cir. BAP 1990)(discharge and dischargeability deadlines not jurisdictional). Jurisdictional deadlines may not be excused by equitable doctrines such as estoppel, waiver, and equitable tolling. *Id.* at 1004.

The trustee argues in her memorandum of law that the Sixth Circuit Court of Appeals implicitly held in *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir.1994), that bankruptcy discharge and dischargeability deadlines are statutes of limitations which may be equitably tolled. In *Isaacman*, the Sixth Circuit concluded that a bankruptcy court should have exercised its equitable powers under § 105(a) of the Bankruptcy Code to allow the late filing of a dischargeability complaint by a creditor who had relied upon the bankruptcy court clerk's erroneous setting of a second bar date. *Id.* at 633. As stated by the court:

Under the circumstances of this case, we agree . . . that if the bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt and if a creditor, reasonably relying on that second date, files a complaint before the

Service is not the equivalent of filing. Such an act is merely one mode of transporting the

necessary papers to the Clerk's Office where the papers are to be filed by the Clerk.").

expiration of the second bar date, the bankruptcy court should exercise its equitable powers and permit the complaint to proceed. To hold otherwise, we believe, would create an unjust result because parties are entitled to rely on information issued by bankruptcy courts.

*Id.* at 632. The trustee argues that she relied on the U.S. Postal Service to deliver the mail in a reasonable time just like the attorney in *Isaacman* relied on the clerk of the court to give him correct information. She notes that the normal mail delivery time between her office in Johnson City, Tennessee to the clerk's office in Greeneville is "1–2 days with three days being the outside delivery time which could have occurred over a week-end."

As authority for her assertion that the discharge deadline in this case should be equitably tolled, the trustee cites *First Bank Sys., N.A. v. Begue (In re Begue)*, 176 B.R. 801 (Bankr.N.D.Ohio 1995), a bankruptcy decision with facts similar to the present case. In *Begue*, a creditor placed in the mail seven days prior to the deadline a complaint objecting to dischargeability, which was not received by the bankruptcy clerk until the day after the deadline. *Id.* Although *Begue* court did not address the *Isaacman* decision, it held that the dischargeability deadline was a statute of limitations which could be equitable tolled under two circumstances: "(1) where the defendant's wrongful conduct prevented plaintiff from timely asserting his claim; or (2) where extraordinary circumstances outside plaintiff's control make it impossible for plaintiff to timely assert his claim." *Id.* at 804. Concluding that the facts of the case fell within the latter category, the court equitably tolled the dischargeability deadline, rendering the complaint timely. *Id.* at 805.

Another court in this circuit, however, has reached a contrary conclusion under similar facts. In *Glover*, on the Friday before the Monday deadline, a creditor sent the clerk its complaint objecting to dischargeability *via* a national overnight delivery service. *First Deposit Nat'l Bank v. Glover (In re Glover)*, 212 B.R. 860, 861 (Bankr.S.D.Ohio 1997). The complaint arrived on Tuesday, one day late. As in *Begue*, the creditor argued that the deadline should be equitably tolled such that its complaint would be deemed timely filed. Contrary to *Begue*, however, the *Glover* court concluded that it agreed with the majority which have held that this deadline is jurisdictional and once expired, can not be extended by the parties or the court. *Id.* at 862. The court reasoned that this holding was consistent with the language of the Bankruptcy Code and Rules, the Code's legislative history, and the United States Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–45, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992),[6] which established that "the deadlines set by the Bankruptcy Rules are jurisdictional in nature." *Id.* at 863. Like *Begue*, the *Glover* court did not cite or discuss *Isaacman*.

 After careful consideration of the facts herein and the decisions which discuss the jurisdiction/statute of limitations issue and equitable tolling, the court concludes that this is not an appropriate case for equitable tolling, even if the discharge deadline of Rule 4004(a) is a statute of limitations as the trustee asserts. In its recent discussion of equitable tolling, the Sixth Circuit Court of Appeals stated:

> The federal courts sparingly bestow equitable tolling. [Citations omitted]. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control. *See Baldwin County Welcome*

---

**6.** In *Taylor*, the Supreme Court held that the trustee could not contest the validity of a claimed exemption after expiration of the thirty-day deadline under Fed. R. Bankr.P. 4003(b), even if the debtor had no colorable basis for claiming the exemption.

*Center v. Brown*, 466 U.S. 147, 151 [114 S.Ct. 1723, 80 L.Ed.2d 196] (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *see also Johnson v. United States Postal Service*, 64 F.3d 233, 238 (6th Cir.1995), which directed that a petitioner's failure to satisfy a deadline caused by the "garden variety neglect" cannot be excused by equitable tolling. [Citation omitted.] Absent compelling equitable considerations, a court should not extend limitations by even a single day. [Citation omitted].

*Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). The Sixth Circuit noted that "the propriety of equitable tolling must necessarily be determined on a case-by-case basis," but observed that it had previously identified five noncomprehensive factors which should be considered when determining the appropriateness of equitably tolling a statute of limitations:

1. Lack of notice of the filing requirement;

2. Lack of constructive knowledge of the filing requirement;

3. Diligence in pursuing one's rights;

4. Absence of prejudice to the defendant; and

5. The plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id.* (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

When these factors are applied to the present case, there is no question that the trustee knew of the deadline for filing the complaint objecting to discharge and the legal significance thereof, factors one, two and five. On the other hand, there is no evidence that the debtors were prejudiced by the trustee's one business day delay in filing her complaint, the fourth factor. With respect to the remaining factor three, the trustee argues that she has been extremely diligent in pursuing the objection to discharge, that she timely requested an extension of time prior to the expiration of the bar date, that she has complied with deadlines required by the court and been present at every hearing, and that "[t]here should be no question but that the Plaintiff has vigorously pursued this objection in the face of a total lack of cooperation by the Defendants."

■ The court does not disagree with the trustee's assertions except with respect to the actual filing of the complaint in this proceeding, the one step above all others that the trustee should have undertaken with the utmost caution. As quoted above, the Sixth Circuit Court of Appeals limits equitable tolling to situations where "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys*, 209 F.3d at 561. That standard is simply not met in this case. Although the majority of pleadings, motions and other documents are filed in this court by mail, it is not that uncommon for mail to be delayed and on rare occasions, even lost. A party who seeks to commence an adversary proceeding objecting to discharge by mail does so at its own risk as to the date of the commencement of the proceeding. *Credithrift of Am., Inc. v. Morgan (In re Morgan)*, 95 B.R. 525, 526 (Bankr.S.D.Ohio 1988).

If a pleading must be filed by a particular date, as is the case for all complaints, it is incumbent upon a party who is using the mail or any other delivery service to follow up the delivery with an inquiry as to whether the pleading reached its destination in a timely manner. By telephoning the clerk prior to the expiration of the deadline, the trustee would have learned that the complaint had not arrived and could have made alternative arrangements for filing the complaint such as delivery by courier. Because the trustee failed to make this inquiry and chose instead to misadvisedly rely on the vagaries of the U.S. mail, it can not be said that the late filing arose from circumstances which were

unavoidably beyond the trustee's control. *See In re Glover*, 212 B.R. at 863 ("While it may have been reasonable for the Plaintiff to rely upon the services of a reputable overnight delivery business to ensure that its complaint was timely filed, that reliance was misplaced.").

From this court's review of the cases, no court other than *Begue* has equitably tolled a statute of limitations simply because the complaint was placed in the mail in sufficient time to reach its destination prior to the deadline. *Compare Wilson v. Dep't of Veterans Affairs on Behalf of Veterans Canteen Serv.*, 65 F.3d 402 (5th Cir.1995)(overseas mail delays did not warrant equitable tolling); *Turner v. Singletary*, 46 F.Supp.2d 1238, 1242–44 (N.D.Fla. 1999)(fact that petition was mailed prior to expiration of statute of limitations did not present extraordinary circumstances which would warrant tolling). To the contrary, except for *Begue*, equitable tolling has been limited to situations where the plaintiff has been misled due to an error by the court or the fraudulent or negligent actions of the defendant.[7] To follow *Begue* in this regard would be tantamount to holding that a complaint is filed when it is mailed, a result which is clearly contrary to the rules of bankruptcy and civil procedure.[8]

The court realizes that the trustee has made serious allegations against the debtors which if proven would more than provide a basis for a denial of discharge. However, this factor cannot be determinative of the court's decision. *See Cablevision Sys. Corp. v. Malandra (In re Malandra)*, 206 B.R. 667, 672 (Bankr. E.D.N.Y.1997)(mere fact that nondischargeable debt may exist does not establish equitable basis to extend § 523 dead-

7. In the following cases, the courts equitably tolled the discharge or dischargeability deadline based on clerk or court error or misinformation. *In re Isaacman*, 26 F.3d at 632–33; *Themy v. Yu (In re Themy)*, 6 F.3d 688, 690 (10th Cir.1993); *Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925, 929 (9th Cir.1992); *Francis v. Riso (In re Riso)*, 57 B.R. 789, 790 (D.N.H.1986); *Leisure Dev. Inc. v. Burke (In re Burke)*, 95 B.R. 716, 718 (9th Cir. BAP 1989); *Oak Hollow South Assoc. v. Cortes (In re Cortes)*, 125 B.R. 418, 420 (E.D.Pa.1991); *American Express Centurion Bank v. Schoofs (In re Schoofs)*, 115 B.R. 1, 6 (Bankr.D.D.C. 1990); *Dwyer v. Hershkovitz (Matter of Hershkovitz)*, 101 B.R. 816, 819 (Bankr.N.D.Ga. 1989); *In re Wellman*, 89 B.R. 880, 883 (Bankr.D.Colo.1988); *Brown v. Sibley (In re Sibley)*, 71 B.R. 147, 149 (Bankr.D.Mass. 1987); *Fallang v. Hickey (Matter of Hickey)*, 58 B.R. 106, 109 (Bankr.S.D.Ohio 1986).

Cases involving the tolling of the deadlines for discharge revocation under 11 U.S.C. § 727(e) or avoidance actions under 11 U.S.C. § 546(a) due to a debtor's fraud or concealment of assets include the following: *White v. Boston (In re Boston)*, 104 B.R. 951, 957 (S.D.Ind.1989); *Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519, 522 (Bankr.D.Mass. 1998); *Michaels v. Nat'l Bank of Sussex County (In re E–Tron Corp.)*, 141 B.R. 49, 55 (Bankr.D.N.J.1992); *Caughey v. Succa (In re Succa)*, 125 B.R. 168, 174 (Bankr.W.D.Tex. 1991); *McGoldrick v. McGoldrick (In re McGoldrick)*, 117 B.R. 554, 559 (Bankr.

C.D.Cal.1990); *Martin v. Butcher (In re Butcher)*, 72 B.R. 247, 250 (Bankr.E.D.Tenn. 1987).

8. It appears that the only exception to this rule is that created by the United States Supreme Court for *pro se* prisoner litigants. In *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the court held that a *pro se* prisoner's notice of appeal was filed at the moment it was delivered to prison authorities for forwarding to district court rather than when it actually reached the court. In so holding, the court contrasted the *pro se* prisoner's ability to monitor his filings with that of other litigants:

> Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment....

*Id.* at 271, 108 S.Ct. 2379.

line after its passage). The court cannot ignore the untimeliness of the complaint filed by the trustee and the limitations placed by the Sixth Circuit Court of Appeals on the propriety of equitable tolling.

## III.

The trustee's misplaced reliance on the mail and her failure to verify the complaint's timely arrival is at best excusable neglect, which is not a sufficient ground for equitable tolling or an allowable basis for extending the discharge deadline under Fed. R. Bankr.P. 9006(b). Because the court finds no compelling equitable considerations in this matter which warrant equitable tolling, an order will be entered contemporaneously with the filing of this memorandum opinion denying the trustee's motion and dismissing this adversary proceeding.